# T. T. JACOBSON, Respondent, v. THE NATIONAL TEA COMPANY, a Domestic Corporation, Appellant.

### (200 N. W. 910.)

**Witnesses — right to cross examine managing agent of corporation adverse party must be determined as of time of trial; witnesses not connected in any capacity with corporation as manager or otherwise for two years prior to trial cannot be cross examined as managing agent.**

1. The right to cross examine the managing agent of an adverse party at the trial, under §§ 7863 and 7870, Comp. Laws, 1913, must be determined as of the time of the trial. The fact that the witness was such manager or managing agent at the time the negotiations were had, out of which the cause of action arose, is not controlling, and where the witness at the time of the trial has not been connected in any capacity with the defendant, as manager or otherwise, for a period of nearly two years prior thereto, it is error to permit such cross examination over objection.

**Appeal and error — cross-examination of agent of defendant held not prejudicial.**

2. For reasons stated in the opinion, it is held, that permitting such cross examination was without prejudice to defendant.

**Corporations — estopped to deny terms of lease to pay rent, although instrument not signed.**

3. A lessee, under a lease executed in its behalf and in its name by a manager without written authority to do so, who takes possession of the property under the lease, pays rent as stipulated therein, and consents to a cancellation thereof and surrenders possession of the property, is a direct obligor to pay the rent, notwithstanding the instrument was not signed by it. In such circumstances, the lessee, in a suit to recover rent in arrears, is estopped from denying that it was bound by the terms of the lease to pay rent.

Opinion filed November 18, 1924. Rehearing denied December 5, 1924.

Appeal and Error, 4 C. J. § 2951 p. 968 n. 36. Corporations, 14a C. J. § 2241 p. 387 n. 40; § 2348 p. 480 n. 66. Witnesses, 40 Cyc. p. 2472 n. 17.

Appeal from the District Court of Ward County, *Lowe,* J.
Affirmed.

*C. E. Brace,* for appellant.

*Francis Murphy,* for respondent.

Johnson, J.  This is an action to recover rent for the use and occupation of real property in the City of Minot.  The complaint alleges the execution and delivery of a lease of certain premises by the plaintiff to, and the use and occupation thereof by the defendant under the lease; that the lease was for a period of five years, from November 1, 1920, to November 1, 1925, at a monthly rental of $75.00 from and after the first day of November, 1921.  It is then alleged that the lease was cancelled and possession surrendered on the 19th day of December, 1922, and that the defendant has not paid rent, according to the terms of the lease, in the sum of $872.50.  The defendant answers, alleging that the lease is void because not executed as required by chapter 47 of the Civil Code of the Compiled Laws North Dakota, 1913, that is, because not signed in behalf of defendant by one authorized to do so. Defendant alleges that all rent has been paid in full for the time it occupied the premises.

The case was tried to a jury.  After the parties rested, both sides moved for a directed verdict.  The case was thereupon withdrawn from the jury and the court made findings of fact, conclusions of law, and order for judgment in favor of the plaintiff.  The defendant appeals from the judgment.

The court found that the plaintiff was the owner of the premises described; that a lease was executed in which the defendant was named lessee for a period of five years, commencing November 1, 1920, and ending November 1, 1925, at a monthly rental of $60.00 until November 1, 1921, and $75.00 thereafter for the term of the lease; that there was due and owing the plaintiff from the defendant, as balance for rent from December 31, 1921, to December 19, 1922, "at which time the said defendant cancelled said lease and surrendered to this plaintiff possession of said premises" the sum of $872.50.  Judgment was in due time entered for that sum, with interest and costs.

The lease was signed "The National Tea Company by J. B. Taylor, Manager."  It is Exhibit 1.  The main contention of the defendant is that Taylor, the manager, did not have the requisite authority to execute such a lease and that, therefore, the lease is void and plaintiff can not recover; also that it was error to permit plaintiff to cross examine Taylor under the statute inasmuch as it appeared that although he was in fact manager when the lease was signed and the defendant

took possession, he was not such manager at the time of the trial and had wholly severed his connection with the company nearly two years before.

It is not necessary to an understanding of the issues to review the testimony in detail. The defendant offered no evidence pertinent to any question raised on this appeal. It must be conceded that the ruling permitting the examination of Taylor, under the facts here, was clearly erroneous. Sections 7863 and 7870, Comp. Laws 1913, provide for the cross examination of an adversary, and, when the adverse party is a corporation, of the managing agent of such corporation. Section 7863, Comp. Laws 1913, provides:

"A party to an action, or in case a corporation is a party, the president, secretary or other principal officer or general managing agent of such corporation, may be examined as a witness at the instance of an adverse party or any of several adverse parties and for that purpose may be compelled in the same manner and subject to the same rules of examination as any other witness to testify either at the trial, or conditionally, or upon commission."

Section 7870, Comp. Laws 1913, reads as follows:

"A party to the record of any civil action or proceeding, or a person for whose immediate benefit such action or proceeding is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party to the record in such action or proceeding, may be examined upon the trial thereof as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled in the same manner and subject to the same rules for examination as any other witness to testify but the party calling or such examination shall not be concluded thereby, but may rebut it by counter testimony."

We think it entirely clear that the right to cross examine under these statutes must be determined as of the time of the trial. Otherwise the anomalous situation would be presented where a plaintiff might be permitted to cross examine a former managing agent of the defendant, without being concluded by his testimony, although such agent, at the time of the trial, had left the employ of the defendant and become connected with the plaintiff. The fact that the witness was manager at the time when the negotiations were had and the lease was executed

is not controlling. He was not a managing agent of the defendant at the time of the trial and had not been for nearly two years in the employ of the Tea Company. Snelling State Bank v. Clasen, 132 Minn. 404, 6 A.L.R. 1663, 157 N. W. 643.

The execution of the lease by plaintiff was proved by the witness Aurland, the local agent of the plaintiff, who collected the rent. His testimony shows that defendant sublet the premises during at least a part of the year 1922, and that the sub-lessee paid rent to defendant. Paragraph II of the second defense reads:

"Admits that defendant entered into possession of the premises described in plaintiff's complaint under the void lease and continued to occupy the same until the 31st day of December, 1921."

Exhibit 3, admitted without objection, reads:

"December 19, 1922. It is hereby stipulated that possession of the one story and basement building located on the east end of lots four, five and six of block twenty-one of the townsite of Minot, N. D., is this 19th day of December A. D. 1922 returned to T. T. Jacobson, the owner thereof, and that the said T. T. Jacobson and any other party in interest, do not waive any right he or they may have to recover of or from the National Tea Company for rents accrued to this date.

(Signed) T. T. Jacobson by C. Aurland, his atty.

National Tea Company by Leighton & Brace,

its attorneys."

Reference to the testimony of Taylor, on cross examination under the statute, is wholly unnecessary to find evidence sufficient to support the findings and the judgment. Nor need we inquire into the extent of his authority as manager of defendant. Independently of anything Taylor said, and without regard to the question of his authority, it is either proved or conceded that the premises were occupied until December 19, 1922, under a lease that stipulated a monthly rental as found by the court, and that such rental was paid by the company until December 31, 1921. Indeed, defendant's motion at the conclusion of the case, for judgment for plaintiff for $225.00, the rent for the first three months of 1922, at $75.00 per month, in effect concedes that the Tea Company occupied the premises under this lease which it now asserts is void because not signed in its behalf by a person having the requisite authority. The lease itself recites that the defendant shall

pay a certain monthly rental. In the circumstances, the Tea Company, lessee, by acceptance of the lease and entry upon the premises thereunder, is a direct obligor to pay the rent notwithstanding the instrument was not duly signed by it. The defendant is estopped from denying that it was bound by the terms of the lease to pay rent because it was not signed by it, after it had paid rent according to its terms during all of 1921, and occupied or had possession of the same thereunder until December 19, 1922. 12 R. C. L. 563; 35 C. J. 1152; Underhill, Land. & T. § 232; Jones, Land. & T. § 77; Starwich v. Washington City Glass Co. 64 Wash. 42, 116 Pac. 459, Ann. Cas. 1913A, 262; Heffernan v. Davis, 24 Cal. App. 295, 140 Pac. 716.

It is clear not only that no prejudice resulted from erroneously permitting plaintiff to cross examine Taylor under the statute, but also that the findings and the judgment have ample support in the evidence and the pleadings.

The judgment of the trial court is affirmed.

BIRDZELL, CHRISTIANSON, and NUESSLE, JJ., concur.

BRONSON, Ch. J., concurs in result.