CARNAHAN v. M. J. & B. M. BUCK CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
  In case tried without jury, where no exceptions are taken to findings, the only question open on review is that the findings do not support the judgment, provided it is raised by assignment of error.

2. SAME—QUESTION RAISED SUBSTANTIALLY ALTHOUGH NOT IN APT WORDS CONSIDERED.
  Where, in case tried without jury, there are no exceptions, and no assignment on findings of fact but all are addressed to judgment, it is duty of Supreme Court to determine whether findings support judgment, although question was not raised in apt words, but is raised substantially.

3. CORPORATIONS—LEASES—RATIFICATION.
  A lease which a corporation might make, it might also ratify.

4. SAME—RATIFICATION—ACQUIESCENCE—ESTOPPEL.
  Corporation, having ratified lease by acquiescence, is estopped to say that it is not bound.

5. SAME—DIRECTORS CHARGED WITH KNOWLEDGE OF WHAT IT WAS THEIR DUTY TO KNOW.
  Directors of corporation will be charged with knowledge of what it was their duty to know; knowledge thereof being imputed to them.

6. SAME—IMPUTED KNOWLEDGE OF LEASE AND ITS TERMS.

Where corporation occupied premises and paid rent, directors and corporation must be held to have known, when occupying the premises and paying the rent, of lease and its terms, of occupancy under it, and of paying rent.

7. SAME—RATIFICATION OF LEASE BY ACQUIESCENCE.

Where vice president and secretary of corporation signed lease for ten-year term, and corporation took possession and paid rent for 19 months, there was ratification of the lease by the corporation by acquiescence, and it is liable for rent due thereunder, although the Loard of directors never formally authorized its execution.

Error to Ingham; Carr (Leland W.), J. Submitted January 29, 1930. (Docket No. 157, Calendar No. 34,236.) Decided March 7, 1930. Rehearing denied June 2, 1930.

Assumpsit by Frances A. Carnahan and others against M. J. & B. M. Buck Company, a corporation, for rent due under a lease. From a judgment for defendant, plaintiffs bring error. Reversed.

*Carl H. Reynolds,* for plaintiffs.

*Person & Marshall,* for defendant.

CLARK, J. In a law case tried without a jury, where no exceptions are taken to the findings, the only question open on review is that the findings do not support the judgment, provided it is raised by assignment of error.

In this case there are no exceptions, and the suggested question is not raised in apt words, but it is raised substantially. No assignment is on the findings of fact; all are addressed to the conclusion thereon, the judgment. We think it our duty to determine whether the findings support the judgment.

Defendant for many years has been a Michigan corporation in the retail furniture business in Lan-

sing. On December 4, 1925, a lease was executed by the parties, defendant lessee's signature being affixed by E. L. Kimes, vice president, and H. W. Buckborough, secretary. The term of the lease is ten years. In the acknowledgment by such officers. it is recited "that said instrument was signed and sealed in its behalf by authority of its board of directors." No formal action of record was taken by the board of directors. That the directors did act informally is not here important. The lease contemplated improvements by plaintiffs for occupancy by defendant, and, these completed, defendant took possession of the leased premises in April, 1926, and thereafter continued in possession and paid rent, $500 per month, until November, 1927, when defendant quit the premises, attempted repudiation of the lease, and declined to pay rent. This suit is to recover rent for November and December, 1927, and January, 1928.

Defendant had judgment. Plaintiffs bring error.

This is a lease the corporation might make. Therefore it might ratify. We need consider no other question. Defendant is estopped to say that it is not bound, having ratified the lease by acquiescence. Knowledge of what it was the duty of the directors to know will be imputed to them. They will be charged with knowledge of what it was their duty to know. The corporation occupied the premises and paid rent. The directors and the corporation must be held to have known, when occupying the premises and paying rent, of the lease and its terms, of occupancy under it, and of paying rent. After such knowledge the corporation continued for months to occupy and to pay rent. This is ratification by acquiescence. 4 Fletcher, Cyc. Corporations, § 2196 et seq.; 3 Thompson on Corporations (3d

Ed.), § 2120; 14a C. J. p. 382; *Michigan Central R. Co.* v. *Railroad Co.,* 132 Mich. 324.  An extreme holding on this subject is taken from syllabus (N. Y. Supp.) of *Spitzer* v. *Born,* 194 App. Div. 739 (185 N. Y. Supp. 875):

"Payment by a corporation of the first month's rent under a lease executed by its president, but not by its secretary, as required by its by-laws, would ordinarily amount to a ratification."

In *Anchor Steam Bottling Works* v. *Baumle,* 53 Okl. 103 (155 Pac. 518), a deed of corporate property was given and a lease taken back, without formal action of directors, and it was held, quoting from syllabus,

—"that by the payment of rent the board of directors ratified the deed, although it took no affirmative action in the matter."

We quote from syllabus of *Fudickar* v. *Glenn* (C. C. A.), 237 Fed. 808:

"Where a corporation, with full knowledge that one of its officers had undertaken to renew a lease in its name, continued to occupy the premises, paying rent, pursuant to the renewal agreement, and recognized that its occupancy was under a lease unexpired at the time its petition in bankruptcy was filed, by so stating in the schedules, the attempted renewal by the officer, if not authorized, was ratified by the corporation."

And from syllabus of *Jacobson* v. *National Tea Co.,* 51 N. D. 889 (200 N. W. 910):

"A lessee, under a lease executed in its behalf and in its name by a manager without written authority to do so, who takes possession of the property under the lease, pays rent as stipulated therein, and con-

sents to a cancellation thereof and surrenders possession of the property, is a direct obligor to pay the rent, notwithstanding the instrument was not signed by it. In such circumstances, the lessee, in a suit to recover rent in arrears, is estopped from denying that it was bound by the terms of the lease to pay rent."

And from syllabus (Pac.) of *McQuaide* v. *Enterprise Brewing Co.*, 14 Cal. App. 315 (111 Pac. 927):

"After the execution of a lease to a brewery corporation by its president and secretary, the landlord erected a building on the land according to plans approved by the corporate officers, and in pursuance of the terms of the lease. On completion of the building, the corporation took possession, and for 15 months paid the rent by corporate checks which were duly entered in its books. It also sublet the premises to sundry tenants, collected rent from them for its own benefit, and on their default on the rent took legal proceedings in its own name to eject them. It also sold its beer to one of the tenants, who ran a saloon on part of the premises. *Held* that, irrespective of the authority given the officers to execute the lease, there was a ratification of it by the corporation."

Reversed, with costs to plaintiffs, and, as the question is of law, remanded for judgment for plaintiffs.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.