ZACHARY *v.* MILIN.

1. CORPORATIONS—BOARD OF DIRECTORS.
   In the absence of statutory authority no decision or act done by any number of the board of directors while not duly assembled as a board is a valid corporate act.

2. SAME—MEETINGS OF DIRECTORS.
   In the absence of written consent the directors of a corporation have no authority to act as a board of directors except at a regularly constituted meeting, but if all of the members of the board of directors are present and participate in the meeting or proceedings, then the meeting may be said to be duly and legally held (Act No. 327, § 13, subd. 4[d], § 39, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935).

3. SAME—MEETINGS OF DIRECTORS—NOTICE.

Under the bylaws of a corporation providing that special meetings of the board of directors may be held upon one day's notice thereof to each director but that notice shall not be necessary as a prerequisite to any meeting of the board at which all directors are present, the validity of a meeting may not be affected by failure to give notice as required where all directors were personally present and understood it was to be a directors' meeting but one director cannot be made to attend a meeting of which no notice is given nor may a casual meeting be converted into a board meeting (Act No. 327, § 39, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935).

4. APPEAL AND ERROR—QUO WARRANTO—QUESTIONS OF FACT.

On appeal from decision of trial court in quo warranto proceedings involving removal of officers of a private corporation, the Supreme Court does not substitute its judgment for the judgment of the trial court on questions of fact unless they clearly preponderate in the opposite direction.

5. QUO WARRANTO—FINDING OF TRIAL COURT—EVIDENCE.

In quo warranto proceeding, testimony sustained trial judge's finding that plaintiff was legally removed as president of corporation at meeting of which he had no notice but at which he was present and in which he participated.

6. CORPORATIONS—ELECTION OF OFFICERS—CHANGE OF VOTE.

In electing corporate officers a stockholder or member may change his vote at any time before the vote is finally announced and before that time it is proper to permit him to correct his ballot so that it will express his true intention.

7. SAME—STATUTES—BYLAWS—CUMULATIVE VOTING—FRAUD.

At a meeting of stockholders held shortly after amendment of statute in which cumulative voting of corporate stock was permitted whether corporation's bylaws referred to it or not, there was no legal duty imposed upon one stockholder of the corporation to inform other stockholders that he was voting cumulatively nor was it fraud on his part to state to them that cumulative voting was not provided for in the articles (Act No. 327, § 32, Pub. Acts 1931, as amended by Act No. 350, Pub. Acts 1937).

8. SAME—STOCKHOLDERS' MEETING—CHANGE OF VOTE—ANNOUNCEMENT BY PRESIDING OFFICER.

At meeting of stockholders in which one of them voted cumulatively and after his announcement of the result of the vote

but before the presiding officer announced the vote another stockholder changed his vote so as to vote cumulatively, the presiding officer properly recognized the second ballot.

Appeal from Wayne; Campbell (Allan), J., deceased, Smith (Frank Day), J., successor. Submitted April 9, 1940. Docket No. 67, Calendar No. 40,969.) Decided September 9, 1940. Rehearing denied November 13, 1940.

Quo warranto by Theodore Zachary and William N. Phillips to test the right of Charles Milin and Ernest C. Wunsch to hold office of director in Great Lakes Champagne Wineries, Inc., a Michigan corporation. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Chester P. O'Hara,* for plaintiffs.

*Fildew & DeGree,* for defendant Milin.

*Miller, Baldwin & Boos,* for defendant Wunsch.

Potter, J. This is an information in the nature of quo warranto filed by Theodore Zachary and William N. Phillips to test the right of Ernest C. Wunsch and Charles Milin to hold, use, exercise and enjoy the office of directors of the Great Lakes Champagne Wineries, Inc., a Michigan corporation.

The result depends upon the validity of the directors' meeting at the company's laboratory December 8, 1937. If Zachary was legally removed as president of the company, then the trial court should be affirmed. But, if that meeting be considered as an informal one, not in the nature of a directors' meeting, then the case should be reversed.

In the absence of statutory authority no decision or act done by any number of the board of directors while not duly assembled as a board is a valid corporate act. *Smith* v. *Dorn,* 96 Cal. 73 (30 Pac. 1024).

To hold that certain directors could form a quorum by coming upon another in a room, or in the street, and, despite the protests of that other, could, by merely declaring the body of persons so gathered together to be a meeting, actually give it that complexion, would be illegal. *Harris* v. *English Canadian Co.,* 3 West. L. R. (Brit. Col.) 5. A director of a corporation is not to be trapped into attendance of a meeting against his will. The directors of a corporation have no authority to act as a board of directors except at a regularly constituted meeting, in the absence of a consent in writing (Act No. 327, § 13, subd. 4[d], Pub. Acts 1931 [Comp. Laws Supp. 1940, § 10135-13, Stat. Ann. § 21.13]). But if all of the members of the board of directors are present and participate in the meeting or proceedings, then the meeting may be said to be duly and legally held.

Zachary claims he was not given notice of the meeting of December 8, 1937, and, therefore, its action was void. On the other hand, the defendants claim that notice was waived by Zachary's appearance at the meeting.

Section 39 of the general corporation law, Act No. 327, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10135-39, Stat. Ann. § 21.39), provides that "shareholders' and directors' meetings shall be called in the manner provided in the bylaws."

Section 4 of the bylaws provides:

"Special meetings of the board of directors may be held by giving one day's notice thereof to each director, but no notice shall be necessary as a prerequisite to any meeting of the board at which all directors are present."

All three of the directors were present at the meeting of December 8, 1937. The validity of the meeting may not be affected by failure to give notice as required by the bylaws, providing the parties

were personally present. If all of the directors were present at the meeting of December 8, 1937, and understood that the meeting was to be a directors' meeting, then the action taken is final and may not be avoided by an informality in connection with its being called.

"Of course if directors are willing to hold a meeting they may do so under any circumstances, but one of them cannot be made to attend the board or to convert a casual meeting into a board meeting." *Barron* v. *Potter*, (1914) L. R. 1 Ch. Div. 895 (83 L. J. Ch. 646; 110 L. T. 929; 21 Manson, 260).

In *Stobo* v. *Davis Provision Co.,* 54 Ill. App. 440, two directors in New York came to Chicago and walked into the office of the third director who was secretary of the company. They moved to oust the third director as secretary of the corporation. It was contended that, no notice having been given, it required not only the third person's physical presence in the room but his assent to the holding of the meeting. The court found there was no fraud, and stated:

"At the meeting in question, every director was present and participated until such action was proposed as was distasteful to one, who then withdrew, but the rest, constituting a majority, remained.

"Under such circumstances, to set aside the action of the board, so lawfully convened and acting within its powers, would be subversive of all lawful control by directors over the affairs of a private corporation."

The record is sharply conflicting as to whether plaintiff Zachary agreed that the meeting of December 8, 1937, in the company's laboratory, was a directors' meeting or whether the defendants then voted to remove him from office. The testimony consists of the statements of the three directors

themselves. The trial judge found that Zachary attempted to have Milin ousted as an officer of the company and that Milin then moved, and Wunsch seconded the motion, to have Zachary ousted as president. Where there is a conflict in the testimony, this court does not substitute its judgment for the judgment of the trial court on questions of fact unless they clearly preponderate in the opposite direction.

Coming now to the stockholders' meeting in question (January 17, 1938): Defendants claim they cast one ballot. There is no question, from the record, but that the defendant Milin voted twice. The minutes of the stenographer employed by defendants show that after casting his first vote, but before Wunsch had announced the result of the election, Milin changed his vote to vote cumulatively. A stockholder or member may change his vote at any time before the vote is finally announced; and before that time it is proper to permit him to correct his ballot so that it will express his true intention. 5 Fletcher, Cyclopedia Corporations (Perm. Ed.), p. 82; 3 Cook on Corporations (8th Ed.), p. 2111, § 605; 2 Thompson on Corporations (3d Ed.), pp. 402, 405, §§ 1011, 1013. The minutes of the meeting show that the result was announced by Zachary before the second ballot was cast, but that the result was not announced by Wunsch until after the second ballot was cast. The issue, therefore, is whether Wunsch or Zachary was the chairman of the meeting. If Zachary was chairman, then it was too late for Milin to withdraw the ballot which he had cast and to vote cumulatively. There was no legal duty imposed upon Zachary to inform Milin that he was voting cumulatively; and it was no fraud for him when he stated that cumulative voting was not provided for "in the articles." The trial court said:

"Fildew inquired of Zachary whether there was anything in the bylaws or articles relating to cumulative voting. Prior to the effective date of the session laws of 1937, the corporation code of Michigan had provided that unless there was such a provision cumulative voting should not be in effect. The amendment of 1937 * changed the law and reverted to the rule as it had stood prior to 1931, namely that the right of cumulative voting existed, whether expressly referred to in the articles or bylaws of a corporation or not. This fact seems to have been known to Zachary, but to have been overlooked by Fildew. Zachary's reply that no such provision existed was made with the evident intention of deceiving Milin, and without any announcement as to whether cumulative voting would be permitted, the two equal stockholders proceeded to vote. Zachary's vote was cumulated for two directors, himself, and a friend of his by the name of Phillips. Therefore, Zachary's ballot read:

Theodore Zachary ................3,750 votes.
William N. Phillips ..............3,750 votes.

Milin's vote was written out:

Charles Milin ...................2,500 votes.
Ernest C. Wunsch ...............2,500 votes.

While the ballots were on the table, but before the announcement of the result, Zachary claimed cumulative voting was in effect, whereupon Milin, acting on the advice of Fildew, retrieved his ballot, and tendered to Wunsch a new ballot showing his vote as:

Charles Milin ...................3,750 votes.
Ernest C. Wunsch ...............3,750 votes.

Upon the effect of this transaction hangs the result of this proceeding.

"It is the opinion of this court, first, that Wunsch was the presiding officer of the meeting.

"Second, that Wunsch never announced the vote until after Milin had cast his second ballot.

* Act No. 350, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 10135-32, Stat. Ann. 1940 Cum. Supp. § 21.32.).—Reporter.

"Third, that it was the right of all the stockholders to have announced at the beginning of the meeting, whether or not cumulative voting was in effect.

"Fourth, that the attempt of Zachary to obtain an advantage over Milin to which he had no legal right is a course of conduct to which this court will not lend its approval.

"Fifth, that no election could be declared closed until the presiding officer had so announced.

"Sixth, that the presiding officer's announcement of a tie vote, recognizing the ballot which Milin cast, in accordance with his right to cumulate, was a valid announcement, and one which should be legally sustained.

"It follows that the petition for a writ of quo warranto should be denied, and judgment herein entered in favor of the defendants."

Judgment affirmed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.