LORREN *v.* BARODA MANUFACTURING COMPANY, INC.

1. APPEAL AND ERROR—FINDINGS OF TRIAL COURT—EVIDENCE—CORPORATIONS.

Findings of trial judge that payments made to plaintiff for use of his car and truck and alleged excessive salary were made without objection until plaintiff sued on corporate note after he and his wife had sold out their interest in corporate defendant to costockholder are not disturbed, where the evidence does not preponderate in the opposite direction.

2. CORPORATIONS—USE OF GENERAL MANAGER'S TRUCK AND CAR.

Amounts paid plaintiff, formerly general manager of corporate defendant, for use of his car, trailer and truck *held*, not excessive or improper, especially where evidence shows the corporation continued the same use of plaintiff's truck for some time. after plaintiff and wife had sold out their interest to the president, a costockholder.

3. SAME—RATIFICATION OF PAYMENTS TO DIRECTOR AND GENERAL MANAGER—EVIDENCE.

Trial court's findings that defendant corporation's president and director had authorized, approved or ratified expenditures to plaintiff for car and truck hire and for salary, were fair and not to the disadvantage of the corporation or detrimental to it *held*, justified under record presented on defendant corporation's appeal from disallowance of such amounts now sought to be set off against plaintiff's undisputed note.

REFERENCES FOR POINTS IN HEADNOTES

[4] 13 Am Jur, Corporations §§ 1110, 1112.
[5] 13 Am Jur, Corporations § 1005.
[6, 8] 13 Am Jur, Corporations §§ 890, 915, 916, 924, 925, 1106.
[6, 8] Acceptance and retention of benefits, as ratification by corporation of unauthorized contract entered into by officer.  7 ALR 1446.
[7] 13 Am Jur, Corporations §§ 948, 949.
[7] Officers' right to assert invalidity of action taken at informal meeting of directors.  64 ALR 713.

4. SAME—PRESIDENT—KNOWLEDGE OF PAYMENTS TO GENERAL MANAGER—BOOKS OF ACCOUNT.

The president and director of a corporation will be charged with knowledge as to payments shown on corporate books to have been made to plaintiff, where books of account were kept by a certified public accountant and plaintiff was given a free hand in management of the furniture upholstering business as its general manager.

5. SAME—DIRECTOR—BURDEN OF SHOWING FAIRNESS OF DEALINGS WITH CORPORATION.

The director of a corporation has a right to deal with the corporation provided he does so fairly and where the director sustains his burden of establishing the fairness of his dealings they are valid (CL 1948, § 450.13[5], as amended by PA 1949, No 229).

6. SAME—GENERAL MANAGER—CONTRACTS.

A corporation which has been managed by a director and general manager who was permitted by the officers and other directors to assume full control of its affairs and which receives the benefit of the manager's acts and services is as much bound as though it had itself formally contracted for the services.

7. SAME—DIRECTOR'S MEETINGS—USE OF GENERAL MANAGER'S CAR AND TRUCK.

A formal meeting of the 3 directors of a corporation engaged in the furniture upholstering business was not necessary in order to authorize plaintiff, who was also its general manager, to use his automobile and truck for the corporation.

8. SAME—POWERS OF GENERAL MANAGER.

The general manager of a corporation, who is also a director of the corporation, has prima facie power to do any act which the directors could authorize or ratify unless special limitations or restrictions are put upon such power of which the party dealing with him has notice or unless power to do the particular act is expressly given to another officer or agent.

Appeal from Berrien; Westin (Edward A.), J. Submitted June 10, 1952. (Docket No. 56, Calendar No. 45,382.) Decided September 3, 1952.

Action by R. E. Lorren against Baroda Manufacturing Company, Inc., on a note. Recoupment by defendant against plaintiff. Judgment for plaintiff. Defendant appeals. Affirmed.

*Robinson, Robinson & Robinson,* for plaintiff.

*Harvey & Fisher,* for defendant.

BOYLES, J. Plaintiff sued the defendant corporation on a promissory note for $10,000 executed August 4, 1946, for a loan of money by plaintiff to the corporation. The note was not disputed. The defendant claims set-off and recoupment amounting to $9,504.50. The circuit judge hearing the case without a jury disallowed the claim of set-off and recoupment and entered judgment for the plaintiff. Defendant appeals.

The sole controversy is whether the claims of set-off and recoupment should have been allowed. The defendant corporation was organized March 8, 1946. Its incorporators, stockholders and directors were the plaintiff, his wife, and Joseph C. Higgins. This continued unchanged from its inception until December 8, 1947, when Higgins purchased all of plaintiff's stock. Higgins was its president and the plaintiff was its secretary-treasurer and general manager. He was in complete control of its affairs until he sold out to Higgins. The books were kept by a certified public accountant. The corporation was in the business of upholstering furniture. Mr. Higgins was connected with Sears-Roebuck Company, was in need of the furniture, and plaintiff was to have a free hand in the management of the defendant corporation in providing it. No regular directors' meetings were held. Plaintiff furnished the money and put up a building for the corporation. The corporation needed a truck for its operations and the plaintiff

himself purchased one. Before it was delivered plaintiff used his own automobile and a 4-wheel trailer for company business, under an understanding that he was to be paid for its use. His mileage and expense was entered on the books of the company and plaintiff was paid and received $982.50 for that use. The defendant claims this was unauthorized and seeks to set it off against plaintiff's note and thus recoup it. The truck also belonged to the plaintiff. The company was short of money to pay for a truck and had been hiring trucks. Plaintiff testified that it was understood and agreed by Higgins at all times that plaintiff should provide the truck, use it for the company and be paid for its use, so much for a trip, and $12 a day for local use. From the books of the defendant, plaintiff was paid $7,347 for truck use. The defendant claims this use was unauthorized and asks that the payment be used as an offset against plaintiff's note. The defendant also claims that the plaintiff drew $25 a week as salary in excess of the amount Mr. Higgins had agreed to, and seeks to offset or recoup $1,175 on that account. Mr. Higgins testified that at no time did he agree to a charge by plaintiff for use of his car or truck.

The circuit judge heard the case without a jury and in his opinion stated that he was not impressed with Mr. Higgins' testimony. While there were no formal directors' meetings held, the court concluded that Higgins, as a director and stockholder, was fully aware of the payments shown on the corporate books as being paid to plaintiff and made no objection until after plaintiff had sued the defendant corporation to collect the $10,000 note, after Higgins became its sole owner. We fully agree with the findings of the trial court. The testimony does not preponderate in the opposite direction.

While the corporation is the nominal defendant, Higgins, who now owns the defendant corporation, is interested in opposing the plaintiff's suit to obtain judgment on the note. The defendant's main claim is that there were no directors' meetings, and that, absent any directors' authority, the plaintiff had no legal right to receive the payments shown on the books which the defendant seeks to offset against plaintiff's note. The record does not support defendant's claim that plaintiff was paid excessive, unreasonable or improper amounts for use of his car, trailer and truck. . The corporation continued the same use of the plaintiff's truck for some time after plaintiff sold out to Higgins. The record fully justifies the trial court's finding that Higgins, the corporation's president and director, authorized, approved, or ratified the expenditures the defendant seeks to recoup, that such expenditures were fair, and were not to the disadvantage of the corporation or detrimental to it. Under the circumstances of the case, the knowledge which Higgins denies as to the payments shown on the corporate books to have been made to the plaintiff may be imputed to him. *Carnahan* v. *M. J. & B. M. Buck Co.,* 250 Mich 198. Plaintiff had a right to deal with the corporation of which he was a director and has fairly established the fairness of his dealings with the corporation. See CL 1948, § 450.13(5), as amended by PA 1949, No 229 (Stat Ann 1951 Cum Supp § 21.13[5]).

"The directors, who comprised the entire body of stockholders of the corporation, having permitted the president, treasurer and general manager to exercise all of their functions and to assume the entire control and management of the corporate affairs, and having received the benefit of his acts and of plaintiff's services, the legal entity is as much bound as though it had itself formally contracted for the serv-

ices." *Ruttle* v. *What Cheer Coal Mining Co.,* 153 Mich 300.

Under the circumstances of this case a formal meeting of the 3 directors, the plaintiff, his wife, and Higgins, was not necessary to authorize plaintiff's use of his automobile and truck for the corporation.

*Zachary* v. *Milin,* 294 Mich 622, mainly relied on by appellant, wherein this Court had under consideration quo warranto to test the right of the defendants to hold office as director of a corporation, has no particular bearing on the issues of the instant case.

In *Faust* v. *Kent-Moore Organization, Inc.,* 324 Mich 45, at page 51, this Court said:

"We quote with approval in *Cope-Swift Co.* v. *John Schlaff Creamery Co.,* 223 Mich 543, at page 547, as follows:

" 'Where the president is given power as general manager of the business with full direction and charge thereof, he has the power to do any act or make any contract that the president and general managing agent of such a corporation could do or make in the ordinary transaction of the corporate business, and prima facie has power to do any act which the directors could authorize or ratify, unless special limitations or restrictions are put upon such power, of which the party dealing with him has notice, or unless power to do the particular act is expressly given to another officer or agent.' 14A CJ, p 358."

The claims of set-off and recoupment were properly disallowed and the judgment is affirmed, with costs to appellee.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.