**In the Matter of RALJOED REALTY CO., Inc., Bankrupt.**

**In the Matter of PARK TOWERS CORP., Bankrupt.**

**In Bankruptcy Nos. 67–B–319, 67–B–320.**

United States District Court
S. D. New York.

June 29, 1967.

Judgment Affirmed Nov. 17, 1967.
See 387 F.2d 948.

Levin & Weintraub, New York City, for the bankrupts.

Joseph Grassmuck, individually, and the firm of Demov & Morris, New York City, for Evelyn Marks.

PALMIERI, District Judge.

Referee Babitt dismissed the petitions in bankruptcy filed by Raljoed Realty Co., Inc. and Park Towers Corp., two New York corporations which were formed about forty years ago. These corporations never promulgated any by-laws nor did they have any formal meetings of stockholders or directors. The executrix of a deceased stockholder, and holder in that capacity of 33 shares of stock, filed two voluntary petitions in bankruptcy on March 30, 1967, "on behalf of the above companies," styling herself as an "agent" for the purpose of the two voluntary petitions in bankruptcy, and as "petitioner" in the subsequently filed schedules. The executrix referred to, Evelyn Marks, is involved in extensive litigation with the other stockholder of the corporations, Joseph Grassmuck, who also holds 33 shares of stock. No information was provided with respect to the ownership of the remaining 34 shares which were issued.

The sole and crucial question presented is whether or not a stockholder, who is not a director and who does not purport to act by authority of the directors, may file petitions in bankruptcy for the companies.

■■ Referee Babitt filed an extensive and scholarly opinion on the point, to which nothing need be added by this Court except to underscore the significance of the basic rule set forth in Price v. Gurney, 324 U.S. 100, 65 S.Ct. 513, 89 L.Ed. 776 (1945), which restates the basic principle that the operation of a

corporation must be left to those with the power of management, namely, the board of directors. Other decisions have sustained the principle that the board, and only the board, and not a stockholder, may authorize the filing of a petition in bankruptcy. In re Joseph Feld & Co., 38 F.Supp. 506 (D.C.N.J.1941); In re Jefferson Casket Co., 182 F. 689 (N.D.N.Y.1910).

The petition to review is dismissed and the order of the Referee is affirmed.

It is so ordered.