**In the Matter of GREAT NORTHWEST DEVELOPMENT CO., Debtor.**

**Bankruptcy No. 83–00118–G.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Feb. 22, 1983.

Miroslav P. Vlcko, Kevin D. Welsh, Vestevich, Dritsas, McManus, Evans & Payne, P.C., Bloomfield Hills, Mich., for Michigan Nat. Bank of Ann Arbor.

Casper P. Connolly, West Bloomfield, Mich., for debtor Great Northwest Development Co.

RAY REYNOLDS GRAVES, Bankruptcy Judge.

The question for consideration is whether a director and officer of a Michigan corporation possesses the power to petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.*, absent authority from the corporation's board of directors. We hold that no such power exists.

Michigan National Bank of Ann Arbor ("Michigan National") held as evidence of security for a loan a mortgage on certain real property owned by the Debtor, Great Northwest Development Company ("Great Northwest"). On November 19, 1982, Michigan National commenced foreclosure by advertisement proceedings against the security pursuant to M.C.L.A. § 600.3201 *et seq.* The requisite notice of foreclosure was given and sale of the property was scheduled for January 13, 1983.

On January 12, 1983, however, Thomas Meyer, the Secretary and Treasurer of great Northwest, caused his attorney, Casper P. Connolly, to file a voluntary Chapter 7 petition on behalf of the corporation pursuant to 11 U.S.C. § 301. Acting for Great Northwest, Meyer through his attorney served the office of the Sheriff for Washtenaw County with a Notice of Automatic Stay thereby forestalling the scheduled sale of the real estate. Meyer did not consult with or seek approval of the other two members of the board: Frank Moran, Jr., President and Chief Executive Officer of Great Northwest; and David Snyder, a Director of Great Northwest and also a member of the State Bar of Michigan.

On February 4, 1983, Michigan National filed its Motion to Dismiss the Chapter 7 petition and for costs and attorneys' fees. Michigan National argues that the Chapter 7 petition was improperly filed because the board of directors did not authorize Thomas Meyer to file any such petition.[1]

Under Michigan law, corporate business is to be conducted by a board of directors pursuant to powers delineated in the articles of incorporation and corporate bylaws. "The business and affairs of a corporation shall be managed by its board, except as otherwise provided in this act or in its articles of incorporation." M.C.L.A. § 450.-1501. At bar, Michigan National called David Snyder, a director of Great Northwest, as a witness. Snyder testified that it was his knowledge that neither the articles of incorporation nor the bylaws provided for the unilateral decisionmaking power to file a bankruptcy petition. Although neither party attempted to introduce the articles or bylaws into evidence, Snyder's unrebutted testimony allows us to find that no such authorization for Meyer's acts existed in these documents. We thus turn to an examination of Michigan's corporation laws.

---

1. It is undisputed that Great Northwest, a corporation, may file a voluntary Chapter 7 petition. Section 301, 11 U.S.C. § 301, provides: "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. . . ." The term "entity" is defined in Section 101(14), 11 U.S.C. § 101(14): "'entity' includes person, estate, trust, governmental unit." The term "person" is defined in Section 101(30), 11 U.S.C. § 101(30): "'person' includes individual, partnership, and corporation, but does not include governmental unit."

Section 753 of the Michigan Business Corporation Act, M.C.L.A. § 450.1753, requires board of director approval where all or substantially all of a corporation's assets are disposed of outside the usual course of corporate business:

A sale, lease, exchange *or other disposition* of all, or substantially all, property and assets . . . of a corporation, if not in the usual and regular course of its business as conducted by the corporation, may be made upon such terms and conditions and for a consideration . . . as authorized as provided in this section. . . . The board shall approve a proposal for the sale, lease, exchange or other disposition.

M.C.L.A. §§ 450.1753(1), (2) (emphasis supplied). Liquidation of a corporation's assets in bankruptcy proceedings is a gross and drastic alteration of the capital structure of that corporation and, therefore, constitutes a disposition of the kind contemplated by M.C.L.A. § 450.1753. Such a disposition of assets is not in the usual and regular course of Great Northwest's business. "[U]nder a well-established rule of statutory construction it must be held that no other or greater power is given to boards of directors by the statute than as thus specified therein." *Michigan Wolverine Student Co-Operative, Inc., v. Wm. Goodyear & Co.,* 314 Mich. 590, 598 (1946), 22 N.W.2d 884 (1946). Hence, board of director approval was a requisite for the filing of the instant Chapter 7 petition.

The unrefuted testimony of Messrs. Snyder and Moran indicates that they were opposed to the filing of any bankruptcy petition and that they never participated in any meeting in which any proposed bankruptcy proceedings were reviewed or discussed.[2] Additionally, no oral or written board resolution was ever executed conferring upon Mr. Meyer the authority to file

the Chapter 7 petition on behalf of Great Northwest. "In the absence of statutory authority no decision or act done by any number of the board of directors while not duly assembled as a board is a valid corporate act." *Zachary v. Milin,* 294 Mich. 622, 624 (1940), 293 N.W. 770 (1940). The law of Michigan is in accord with the general rule that the power to file a voluntary bankruptcy petition on behalf of a corporation rests in the board of directors and that the secretary-treasurer has no such authority absent authorization from the board. *Matter of Airport Service Lines, Inc.,* Bankruptcy Case No. 82–00485 (Bkrtcy.E.D.Mich.1982); *In re American International Industries, Inc.,* 10 B.R. 695, 7 B.C.D. 586 (Bkrtcy.S.D. Fla.1981); *In re Al-Wyn Food Distributors, Inc.,* 8 B.R. 42, 7 B.C.D. 126 (Bkrtcy.M.S. Fla.1981); *In re Matter of Park Towers Corp.,* 387 F.2d 948 (2d Cir.1967); *Matter of Reljoed Realth Co., Inc.,* 277 F.Supp. 225 (D.N.Y.1967), *aff'd. sub. nom.* 387 F.2d 948 (2d Cir.1967); *In re Joseph Feld & Co.,* 38 F.Supp. 506 (D.N.J.1941); *In re Community Book Co., Inc.,* 10 F.2d 616 (D.Minn.1926).

In the cause under consideration, Great Northwest has failed to demonstrate that the board of directors: (1) received notice, under Michigan law, that a meeting of the board of directors was to be held to discuss the filing of a bankruptcy petition; (2) that the requisite number of board members voted in favor of the filing of a Chapter 7 petition; and (3) that the board reduced its vote to a written resolution duly signed and entered in the corporate minutes thereby granting the authority to Mr. Meyer to file the Chapter 7 petition on behalf of Great Northwest. The petition was filed improperly and must be dismissed without prejudice to the rights of the corporation to properly invoke the protection of the federal bankruptcy laws.[3]

---

**2.** Meyer argued that Snyder agreed to sell his 33⅓ interest to the corporation, thereby making the former a 50% owner of the corporation. Snyder on the other hand, argued that the transaction was not yet completed and, therefore, title to the stock never passed. Even if title to the stock did pass, Mr. Meyer has only a 50% interest in the corporation and still is required to receive approval from Mr. Moran, the other member of the board.

**3.** The defenses of apparent authority and acquiescence were not raised. The Court is mystified as to the failure of counsel to interpose these defenses. However, even if raised, no

As to Michigan National's motion for costs and attorneys' fees, it is argued that the Chapter 7 petition was filed solely to compel the resolution of the shareholders' dispute that existed between Messrs. Meyer and Snyder; therefore, concludes Michigan National, it is entitled to attorneys' fees and costs pursuant to 11 U.S.C. § 303(i)(2) because Meyer filed the petition in bad faith. This motion must be denied with prejudice.

Section 303(i) of the Code, 11 U.S.C. § 303(i), pertains to involuntary petitions and the sanctions that may be imposed for frivolously filing an involuntary bankruptcy petition.[4] The instant Chapter 7 petition, however, was voluntarily filed. Moreover, attorneys' fees are not ordinarily recoverable by a prevailing litigant absent specific statutory authorization. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

The legislative history to Section 303(i) indicates that the circumstances justifying the award of attorneys' fees and costs, even if Section 303(i) were applicable to voluntary petitions, are not present in the case at bar.

> Subsection (i) permits the court to award costs, reasonable attorney's fees, or damages if an involuntary petition is dismissed other than by consent of all petitioning creditors and the debtor. . . . [I]f a petitioning creditor filed the petition in bad faith, the court may award the debtor any damages proximately caused by the filing of the petition. These damages may include such items as loss of business during and after the pendency of . the

facts justifying a finding of apparent authority or acquiescence were introduced.

4. Section 303(i) reads: If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
   (1) against the petitioners and in favor of the debtor for—
   (A) costs;

case, and so on. 'Or' is not exclusive in this paragraph.

H.Rep. No. 95–595, 95th Cong., 1st Sess. 324 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 35 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787, 6280. Michigan National has not presented any evidence to support a proposition that Mr. Meyer filed the Chapter 7 petition out of spite or to embarrass the debtor corporation. Accordingly, we find no evidence that the petition was filed in bad faith and, therefore, Michigan National's motion for costs and attorneys' fees is denied.

IT IS SO ORDERED.

(B) a reasonable attorney's fee; or
(C) any damages proximately caused by the taking of possession of the debtor's property by a trustee appointed under subsection (g) of this section or 1104 of this title; or
(2) against any petitioner that filed the petition in bad faith, for—
(A) any damages proximately caused by such filing; or
(B) punitive damages.