In re BIG & TALL AMERICA, INC.,
Big & Tall Shoppes of America,
Inc., Debtors.

Bankruptcy Nos. 92–13617–
JNG, 92–13618–JNG.

United States Bankruptcy Court,
D. Massachusetts, E.D.

Aug. 13, 1992.

Victor Bass, Widett, Slater & Goldman,
P.C., Boston, Mass., for debtors.

DECISION ON MOTIONS FOR COSTS,
ETC. PURSUANT TO 11 U.S.C.
§ 303(i) AND F.R.B.P. 9011(a)

WILLIAM C. HILLMAN, Bankruptcy
Judge.

On April 9, 1992, voluntary petitions were filed on behalf of both of the debtors by persons alleging that they had been duly authorized as required by 11 U.S.C. § 301 and Local Rule 15(D). Motions to dismiss were promptly filed. On April 15, 1992, after a hearing, the Court found that the petitions were not authorized by appropriate corporate action as required and dismissed them. The debtors have now moved for award of costs, attorneys' fees, and actual and punitive damages in accordance with 11 U.S.C. § 303(i) and F.R.B.P. 9011(a).

### Applicability of § 303

As voluntary cases, these matters were commenced pursuant to 11 U.S.C. § 301, and not § 303. Movant argues that § 303(i)

> can be applied to *unauthorized* voluntary petitions for the purpose of awarding fees, costs and damages to a debtor who has been injured by an unauthorized filing, because an unauthorized voluntary corporate Chapter 11 filing is deemed to be an involuntary petition.

*Movant's Memorandum* at 7 (emphasis in original).

This proposition is supported by citation to *Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.)*, 61 B.R. 614, 617–619 (Bankr. 9th Cir.1986), and *In re R.S. Pinellas Motel Partnership*, 5 B.R. 269, 274 (Bankr. M.D.Fla.1980). Movant also seeks to distinguish *In re Great Northwest Development Co.*, 28 B.R. 141, 144 (Bankr. E.D.Mich.1983).

The Court disagrees.

First of all, 11 U.S.C. § 303(i) begins with the words "If the court dismisses a petition *under this section* ..." (emphasis added). The Court cannot disregard the last quoted words. When the language of the statute is clear, it can look no further. *United States v. Ron Pair Enterprises,*

*Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Even if it were to do so, neither *Wavelength* nor *Pinellas* actually supports the proposition for which they are cited. In the former, "the parties stipulated that the Chapter 11 bankruptcy petition should be treated as involuntary and dismissed." 61 B.R. at 616. The latter was decided on the basis of estoppel, and the language cited is dicta. 5 B.R. at 274. On the other hand, *Great Northwest* directly holds that § 303(i) does not apply to a voluntary petition. 28 B.R. at 144.

*Sanctions under F.R.B.P. 9011(a)*

The Court has carefully considered the arguments advanced regarding the imposition of sanctions against the persons filing the original petitions in this matter. No sanctions are sought against their counsel. In view of the facts that the petitions were filed after consultation with a number of competent professionals who deemed the action to be proper, the Court finds that sanctions against the clients are not appropriate.

The motion in each case is denied.