In re GREENE.

(District Court, D. Connecticut. December 30, 1904.)

No. 1,342.

1. BANKRUPTCY—CHATTEL MORTGAGES—VALIDITY—FILING—WHAT LAW GOVERNS.

Where a chattel mortgage, executed by a bankrupt, was duly recorded in Connecticut in the town clerk's office of the town where the property mortgaged was located, it was valid as against the bankrupt's creditors, though it was not filed or recorded in New York, where both the mortgagor and mortgagee resided, according to the laws of that state.

In Bankruptcy. In this matter one Thomas J. Conroy, as creditor, in his own behalf and that of Sarah R. Greene, deceased, objected to the payment of any moneys realized from the sale of furniture of said bankrupt which was held under a chattel mortgage owned by Bertram L. Young, and thereupon the referee, John W. Banks, made a finding that the chattel mortgage was good as against the trustee in bankruptcy, which finding is as follows:

On November 13, 1901, the bankrupt herein made and executed a chattel mortgage to Bertram L. Young upon certain chattels consisting principally of hotel furniture, which was then and at the time of his adjudication as a bankrupt, contained in the hotel in Greenwich, in the state of Connecticut. The mortgage was made and executed in the city of New York, where both the mortgagor and mortgagee then resided. It was recorded on November 19, 1901, in the office of the town clerk of the town of Greenwich, Conn. The mortgage was not recorded in the state of New York. The trustee has sold the property in question free and clear of the lien of the mortgage, under an order of the court heretofore made providing that the lien of the mortgage should attach to the fund arising from such sale. The question arising upon this petition is whether or not the mortgage is valid as against the trustee in bankruptcy. It is conceded that New York law requires such mortgages to be recorded where the mortgagor resides, and, if that law is to control, then the mortgage is invalid as against the creditors, the mortgagor, and as against the trustee in bankruptcy, who succeeds to their right. If, however, the validity of the mortgage is to be determined by the Connecticut law, the mortgage is valid as against the trustee in bankruptcy, since it was recorded in compliance with the Connecticut statute. The sole question, then, is whether the question as to the validity of the mortgage as against creditors of the mortgage shall be determined according to the law of the state where the mortgage was made and executed and where the parties thereto resided, or according to the law of the state where the property was situated at the time that the mortgage was made and where the question arose.

The general rule that personal property is governed by the law of the domicile of the owner is subject to many exceptions, and a well-established one is that the transfer of such property by way of a mortgage is governed by the lex situs, and not by the lex domicilii. Jones on Chattel Mortgages, § 305; 6 Ency. of Law and Procedure, 1061; 4 Ency. of Pleading & Practice, 508. The reason for this rule is well stated in case of Chillingworth v. Eastern Tin Ware Company, 66 Conn. 317, 33 Atl. 1011: "The general rule that the lex loci contractus shall govern is, theoretically at least, founded upon the presumed intention that the parties contracted with reference to that law; and when the contract is to be performed elsewhere, or is to have its entire beneficial operation and effect elsewhere, then the law of the latter place is to govern, because, in the absence of anything to the contrary, it is presumed that the parties so intended." This was a case almost identical with the case at bar. A chattel mortgage was made and executed in New York upon personal property located in the town of Portland, Conn. The mortgagor was a New York corporation, and the mortgagee a resident of that state.

The mortgage was recorded in Portland, where the property was located. It was conceded, however, that the mortgage was made in contemplation of insolvency, within the meaning of the New York statute, and under that statute was void. The plaintiff claimed that, since the mortgage was void under the law of the state where it was made, it was void everywhere, and that neither recording it in Portland nor any other act could give it validity. The court held that since the mortgage affected no property in New York, and was not intended to have beneficial operation or effect upon property there situated, but did affect and was intended to affect Connecticut property only, and to have its entire beneficial operation and effect as a security there, the law of Connecticut, and not the law of New York governed. This rule was reaffirmed in case of Beggs v. Bartels, 73 Conn. 132, 46 Atl. 874, 84 Am. St. Rep. 152. The same rule prevails in other jurisdictions and has been announced in the Supreme Court of the United States. Green v. Van Buskirk, 7 Wall. 139, 19 L. Ed. 109; Hervey v. R. I. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003.

I have been unable to find any decision to the contrary, and none of the cases cited upon the brief for objecting creditors seem to me to be in point upon this question. In most of the cases where this question has arisen the mortgage was properly recorded and valid in the state where executed and where the parties resided, but was not executed or recorded in compliance with the laws of the state where the property was located and where the action arose. In the present case the situation is the reverse, the mortgage being invalid in the state where the parties resided and where it was made, but valid in the state where the property is located; hence the claim is made that the contract, being void where made, is void everywhere. This claim was made and overruled in Chillingworth v. Eastern Tinware Company, supra, and its fallacy is clearly shown in the opinion of the court in case of Altman & Taylor Machinery Co. v. Kennedy, 114 Iowa, 447, 87 N. W. 435, 89 Am. St. Rep. 373, a case where the facts were very similar to those in the present case. The court said: "The rule that the validity, interpretation and effect of a contract are to be governed by the lex loci contractus applies only to the rights and obligations of the parties to the contract. The question in this case is not the validity of the contract between the parties. That must be conceded to be good, no matter what the locus of the property at the time the mortgage was executed. The recordation required by the statute was to preserve the lien as against third parties, and the real question is one of priority between lienholders, which must be determined by the law of the place where the property lies and where the court sits which decides the case."

The objecting creditor concedes in his brief that the laws of the state in which property, either real or personal, is situated, must control in respect to the liability of such property to be attached and sold under legal processes issuing from the courts of that state. It seems to me that this concedes the whole case. Even under the laws of New York the mortgage is not absolutely void, but is good as between the parties thereto. It is conceded that it is also good as against an attaching creditor in this state. The trustee in bankruptcy has no greater rights than those of the bankrupt plus those of an attaching creditor. It follows, then, that the mortgage is good as against the trustee in bankruptcy. An order may be drawn granting the petition of the mortgagee, the terms of the order to be fixed at the hearing on the trustee's final account. A petition for review may be filed within ten days from this date.

Dated November 28, 1904.                    John W. Banks, Referee.

Wm. P. Keiley, for opposing creditors.
Alfred Yankauer, for mortgagee.

And thereupon certain opposing creditors brought a petition into the District Court for review of said finding, whereupon the court on the 30th day of December, 1904, filed its finding and opinion as follows, viz.:

PLATT, District Judge. The memorandum of the referee, prefixed hereto, states the facts and the question of law arising therefrom and at issue. It is certainly a rather startling proposition that a mortgage on local chattels, which is faultless in form, properly executed, and recorded in full obedience to our statutes, must lose its efficacy, because the parties thereto, being residents of another state, overlooked or neglected her statutes. The Supreme Court, speaking by Mr. Justice Davis, in Hervey v. R. I. Locomotive Works, 93 U. S. 664–667, 23 L. Ed. 1003, says: "Every state has the right to regulate the transfer of property within its limits." That being so, it was decided that, if New York and Rhode Island parties saw fit to take their property to Illinois, they by implication consented to be bound by the regulations as to transfer there in force. If the property happens to be in the other state when the parties make their contract, the conclusion reached by the Supreme Court becomes all the more irresistible. To sustain the contention of the objecting creditors in the case before me would be unfortunate from any point of view. It might be subversive of a bedrock principle of commercial life, and, at best, it would lead to the necessity for adopting complicated and useless details, in order that validity might attach to a very simple transaction.

The order of the referee is affirmed.