ALEXANDER SPITZER and ABRAHAM L. SPITZER, Appellants,
v. BORN, INCORPORATED, Respondent.

First Department, January 14, 1921.

Landlord and tenant — action to recover rent on written lease to corporation — defense that lease was not binding on defendant because not executed as required by by-laws — power of defend· ant's president to execute lease presumed — ratification by pay·· ment of rent — trial — inferences to be drawn on failure of defend·· ant to call officers as witnesses.

Where in an action to recover rent on a written lease which was signed by the president of the defendant corporation and delivered to the plaintiffs by the defendant's secretary who knew of the execution of the lease, the defense interposed was that a by-law of the defendant required the secretary together with the president to sign all agreements, but neither the president, secretary nor any other officer of the defendant was produced on the trial, nor was any evidence given that the act of the president was not authorized other than the by-law mentioned, it will be presumed that the president of the defendant had the power to execute the lease in question.

Furthermore the lease was ratified by the defendant by the payment of the rent for the first month.

The defendant having failed to call any officer of the corporation, the court was entitled to draw the inference that if the officers had been called they would have testified against the contention made by the defendant's attorneys that the lease was unauthorized.

In the absence of plaintiffs' knowledge of defendant's by-law and in view of the secretary's delivery to the plaintiffs of the lease signed by the president of defendant, the finding that the lease was in fact made with the approval or ratification of the defendant was proper.

APPEAL by the plaintiffs, Alexander Spitzer and another, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 13th day of May, 1920, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiffs, and dismissing the complaint.

*George Wolf,* for the appellants.

*Louis I. Grossfield* of counsel [*Grossfield Bros.,* attorneys], for the respondent.

GREENBAUM, J.:

The action was brought to recover the sum of fifty dollars for rent of premises for the month of October, 1919, pursuant to the provisions of a written lease alleged to have been made between the plaintiffs and defendant, which was offered and received in evidence. Defendant's counsel conceded upon the trial that the lease was signed by the president of the defendant corporation. The lease was for a term of three years, commencing September 1, 1919. Rent for the month of September, 1919, was paid, but the rent for the month of October, 1919, was not paid.

The defense was that a by-law of the defendant corporation required the secretary together with the president to sign all agreements, and that, therefore, the lease, which was not signed by the secretary, was not binding upon the corporation. In support of its claim, the defendant offered in evidence the by-law of the company which, among other things, defines the duties of the president as follows: " He shall make, sign and execute, together with the secretary, all contracts and agreements and see that they are properly carried out * * *."

It is to be observed that this by-law provides that the president was the one who was authorized to make contracts and to see that they are properly carried out. It is true it also provides that all the contracts which he shall make, sign and execute shall be done in conjunction with the secretary, which ordinarily should be construed to mean that if the contract is in writing he, too, should sign it. But there is no affirmative statement in the by-law that an agreement shall not be valid or binding unless signed by both the president and the secretary.

The undisputed fact is that the secretary knew all about the making of the lease and indeed it was the secretary who delivered or sent the lease to the plaintiffs after it had been executed by the president.

Neither the president, secretary nor any other officer of the defendant was produced upon the trial, nor was any testimony given that the act of the president was not authorized other than the by-law above quoted. The rule is well settled that it will ordinarily be presumed that a president of a corporation has the power to make contracts pertaining to

the business of the corporation and coming within the apparent scope of his authority. (*Patterson* v. *Robinson*, 116 N. Y. 193, 200; *Matter of Tinney*, 187 App. Div. 569; *Powers* v. *Schlicht Heat & Power Co.*, 23 id. 380; affd., 165 N. Y. 662; *Bijur Motor Lighting Co.* v. *Eclipse Machine Co.*, 237 Fed. Rep. 94; *Standard Fashion Co.* v. *Siegel-Cooper Co.*, 44 App. Div. 121.)

It also appears that the first month's rent was paid. This would ordinarily amount to a ratification of the lease by the corporation. It is, however, contended in behalf of the defendant that the check used in paying the first month's rent was not that of the corporation, but was signed " by one of the men who belonged to the company." There is, however, not the slightest evidence given that the rent paid by the check of one of its officials was not the money of the corporation. *Non constat* but that the person whose check was thus used was repaid by the company. In the absence of proof to the contrary, the inference may fairly be drawn that the corporation paid the first month's rent.

The defendant's failure to call any officer of the corporation is most significant. In a case where a corporation attempts to repudiate the act of its president and secretary, the court is entitled to draw the inference that if these officers had been called they would have testified against the contention made by its attorneys that the lease was unauthorized. It may be that all the officers knew of the lease and assented to the president's execution of it. Nor was there any evidence that the plaintiffs were familiar with or knew anything about the defendant's by-law.

In *Rathbun* v. *Snow* (123 N. Y. 343, 349) it is said: " It follows from the general principle, now well settled, to the effect that third persons may act upon the apparent authority conferred by the principal upon the agent, and are not bound by secret limitations or instructions qualifying the terms of the written or verbal appointment, that the defense based upon the limitation in the by-laws of the company, of which the plaintiff had no knowledge, cannot be sustained. By-laws of business corporations are as to third persons private regulations binding as between the corporation and its members or third persons having knowledge of them, but of no force as limitations *per se* as to third persons of an authority, which,

Second Department, January, 1921.          [Vol. 194.

except for the by-law, would be construed as within the apparent scope of the agency. (*Fay* v. *Noble*, 12 Cush. 1; *M. & F. Bank* v. *Smith*, 19 Johns. 115; *Smith* v. *Smith*, 62 Ill. 493; Morawetz on Corp. § 593.) "

In the absence of plaintiffs' knowledge of defendant's by-law and in view of the secretary's delivery to the plaintiffs of the lease signed by the president, the trial court was justified in finding that the lease was in fact made with the approval or ratification of the defendant. The determination of the Appellate Term is reversed and the judgment of the Municipal Court is reinstated, with costs to the appellants in this court and in the Appellate Term.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Determination reversed and judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.