## THE S. S. GUATEMALA.

### No. A-18069.

District Court, E. D. New York.

Nov. 15, 1946.

the Marshal seized the vessel above named on August 15, 1946.

The questioned pleading avers four alleged causes:

(1) The execution and delivery of a "joint preferred ship mortgage" covering said vessel, in favor of libelant and Mercantile jointly, by respondent Central American Shipping & Trading Corporation (hereinafter to be called Central American) as owner, on December 19, 1945, to secure the payment of $35,000.00 to libelant, said to have been loaned by him "to said vessel", and $30,000.00 to Mercantile for work, labor, services and supplies "to be furnished to the said vessel by" it.

A copy of the mortgage is attached to and incorporated in the pleading by reference; whether it is indeed a preferred ship mortgage does not require determination on this motion, for reasons to be stated.

The pleading alleges default on the part of Central American in failing to pay the loan to it, which the mortgage was given to secure. The Mercantile is not otherwise mentioned in the first cause.

(2) The bare assertion, in addition to the presence of the said vessel within this District, that there is due to libelant $35,-000.00 pursuant to the terms of the said mortgage and $12,000.00 for "materials, supplies and advances to the vessel". The identity of the supplier is not disclosed in the pleading. Mercantile is not mentioned in the second cause.

(3) The making of an agreement between libelant, Mercantile, and Central American on December 15, 1945, is alleged, and the agreement is incorporated by reference. That document is averred to have given rise to the said mortgage, and it is said that under the terms of the former, the two mortgagees agreed that, as between themselves, there was to be no priority of status under the mortgage.

The Mercantile is said to have breached the agreement by having filed a libel in this Court to foreclose its lien for repairs. There is such a cause, bearing number A—17852, in which Larsen, this libelant, has filed a claim.

In this cause it is averred that Mercantile's filing of that libel constitutes a breach

Rolnick & Asofsky, of New York City, proctors for libelant, opposed.

Nathan E. Zelby, of New York City, (Herbert Burstein, of New York City, of counsel) proctor for respondent Mercantile Ship Repair Co., Inc., for the motion.

BYERS, District Judge.

Motion by the respondent Mercantile Ship Repair Co., Inc. (hereinafter to be called Mercantile) to dismiss the libel which is captioned "Libel and Complaint" and to vacate the attachment under which

896

of contract which has damaged Larsen to the extent of his $35,000.00.

Why Larsen's claim in the earlier cause will not afford him his day in Court as against the ship, its owner, and Mercantile, has not been demonstrated. This seems to be a civil cause against Mercantile alone, for alleged breach of contract, which is non-maritime in character. If that were the only question involved in this motion, there would be no difficulty in disposing of it.

(4) That between November 30, 1945, and the filing of this libel, August 15, 1946, Larsen has furnished necessaries, materials and supplies, and made advances to the said vessel, at the request of the owner (Central American), amounting in all to $12,000.00, and a maritime lien in that amount is asserted on the part of libelant. This will be assumed to be a maritime cause against the vessel, for present purposes only.

The moving respondent's status must be measured by the libel and complaint, and whether it can be heard to assert the infirmity of the libelant's alleged cause as pleaded, without seeking to be admitted as a claimant to the vessel, and complying with the Admiralty Rule 34, 28 U.S.C.A. following section 723, in order to intervene in its own interest, is the principal question argued by libelant.

If Mercantile rested under the necessity of protecting its rights involved in the first and fourth causes pleaded by Larsen, doubtless it would seek to intervene and conform to Rule 34; see The Ruth E. Merrill, 2 Cir., 286 F. 355, at page 357. Since its libel in cause A—17852 is relied upon to sustain its assertion of a lien for repairs against the vessel, as to which libel Larsen has intervened and filed his claim as mortgagee and as alleged holder of a lien for supplies and advances, it is apparent that no reason exists for duplication of litigation of issues already comprehended in an earlier cause on the calendar of this Court.

The situation is complicated by the assertion in the moving affidavit, which has not been denied, that Larsen, the alleged mortgagee, is the president of Central American, the owner of the vessel; that the owner has not filed an answer herein, which suggests a community of interest between Larsen and the corporate owner, and their opportunity to cooperate to the disadvantage of Mercantile.

Moreover, the status of the alleged preferred ship mortgage is not apparent since, among other things, it does not appear that the S.S.Guatemala is a vessel of the United States (46 U.S.C.A. § 922), nor that the provisions of that statute have been complied with. If Larsen is a chattel mortgagee, he will be relegated to that status in the final outcome.

The difficulty of disposing of this motion is procedural. The moving affidavit can scarcely be thought to embody the exceptions contemplated by Admiralty Rule 27, upon which the Court could rule in an orderly fashion.

While it has been said that only a claimant can except, I should not suppose that a respondent who has been brought into Court by the libelant rests under any such disability. He should be permitted the sanction of exceptive allegations (Suspine v. Compania Transatlantica Centroamericana, D.C., 37 F. Supp. 263, at p. 265) under the peculiar circumstances involved herein, for the purpose of demonstrating that all maritime causes are comprehended in the earlier case pending in this Court, to which reference has been made, and that, as to the non-maritime cause, the litigation has been improperly instituted in this Court; and that the alleged preferred ship mortgage is in fact something else.

Motion denied, without prejudice to the right of Mercantile to file exceptions, or exceptive allegations to the libel and complaint, if it be so advised.

Settle order.