In the Matter of MANUFACTURERS TRUST COMPANY, Appellant, against HENRY W. RALPH, as Register of the City of New York, Respondent.

Argued March 1, 1950; decided April 13, 1950.

412

*George B. Balamut* and *William I. Rodier, Jr.,* for appellant.
I. The phrase " amount involved in a chattel mortgage ", as
used in the Administrative Code, means the actual present loan
made by the mortgagee to the mortgagor. (*Matter of Wur-
litzer Co.* v. *Byrne,* 175 Misc. 81, 261 App. Div. 896, 286 N. Y.
569; *Matter of Warren Commercial Refrigerator Sales Corp.* v.
*Byrne,* 286 N. Y. 570; *Matter of Maxson Corp.* v. *Ralph,* 182
Misc. 144, 268 App. Div. 753, 294 N. Y. 880; *Franklin Soc.* v.

*Bennett,* 282 N. Y. 79.) II. A tax statute should be interpreted so as to avoid the incidence of double taxation. (*Matter of Cooley,* 186 N. Y. 220.) III. Any ambiguity in a tax statute must be construed in favor of the taxpayer. (*People* v. *Ryan,* 274 N. Y. 149; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *Howitt* v. *Street & Smith Publications,* 276 N. Y. 345; *Matter of Good Humor Corp.* v. *McGoldrick,* 289 N. Y. 452; *Matter of Wurlitzer Co.* v. *Byrne,* 175 Misc. 81, 261 App. Div. 896, 286 N. Y. 569.) IV. The doctrine of practical construction supports appellant's construction of subdivision 14. (*Matter of Carns* [*Ralph*], 181 Misc. 1047; *Bullock* v. *Cooley,* 225 N. Y. 566; *Matter of Kolb* v. *Holling,* 285 N. Y. 104.) V. A certificate of stockholders' consent to a corporate chattel mortgage is not an " instrument affecting chattels " within the meaning of subdivisions 13 and 14 of section 1052–13.0 of the Administrative Code. (*Matter of Wurlitzer Co.* v. *Byrne,* 175 Misc. 81, 261 App. Div. 896, 286 N. Y. 569; *Matter of Warren Commercial Refrigerator Sales Corp.* v. *Byrne,* 261 App. Div. 895, 286 N. Y. 570; *Rochester Sav. Bank* v. *Averell,* 96 N. Y. 467; *Karasik* v. *People's Trust Co.,* 252 F. 324, 252 F. 337; *Black* v. *Ellis,* 129 App. Div. 140, 197 N. Y. 402; *Matter of Victoria Fusilli Co.,* 79 F. 2d 611; *Matter of J. A. M. A. Realty Corp.,* 92 F. 2d 3; *Willcox* v. *Goess,* 92 F. 2d 8; *Matter of Constantine Tobacco Co.,* 290 F. 128; *People* v. *Richards,* 108 N. Y. 137.)

*John P. McGrath, Corporation Counsel* (*Morris R. Weitzer, Harry E. O'Donnell* and *Reuben Levy* of counsel), for respondent. I. Subdivision 14 of section 1052–13.0 of the Administrative Code requires the register to base his fee for filing a chattel mortgage on the " amount involved ". The expression " amount involved " can only mean all of the money for which the mortgaged chattels are security. The proper fee chargeable must, therefore, be computed on the amount of $3,515,243.59 for which the chattels stand as security, and not merely on the $4,049.74 advanced on the day the chattel mortgage was executed. (*Culver* v. *Kurn,* 193 S. W. 2d 602 [Mo.]; *Matter of Winton Shirt Corp.,* 104 F. 2d 777.) II. The requirements of section 16 of the Stock Corporation Law as to filing a certificate of stockholders' consent to mortgage chattels, and the text of the certificate itself, clearly indicate that it is an " other instrument affecting chattels " within the meaning of subdivision 14

of section 1052–13.0 of the Administrative Code. The fee for filing and entering such certificate must, therefore, be governed by this subdivision.

Fuld, J. Provision for the payment of fees incident to filing chattel mortgages and other specified instruments is found in section 1052–13.0 of the Administrative Code of the City of New York. After providing a fee of twenty-five cents for filing " any paper other than satisfaction, chattel mortgage, bill of sale, conditional bill of sale or other instrument affecting chattels " (subd. 5) and a fee of $1.25 for filing a chattel mortgage, a bill of sale of chattels, or a satisfaction of a chattel mortgage or conditional bill of sale " or any instrument affecting chattels " (subd. 13), the statute prescribes a graduated fee of $1.25 " for each one hundred thousand dollars or fraction thereof " when " the amount involved in a chattel mortgage or other instrument affecting chattels " is $100,000 or more (subd. 14).

We are called upon to determine, first, whether " the amount involved " is the particular sum of money advanced when the mortgage is executed or the amount of the entire indebtedness which the mortgage is given to secure and, second, whether a certificate of stockholders' consent, provided for by section 16 of the Stock Corporation Law, is an " instrument affecting chattels " within the meaning of the provisions of the Administrative Code quoted.

In the case before us, Manufacturers Trust Company, petitioner herein, prior to August, 1947, made a number of loans, secured by chattel mortgages, to John J. Casale, Inc. Each of those mortgages had been filed and a filing fee paid. In August of 1947, Casale borrowed $4,049.74 from petitioner, and, in return, delivered a chattel mortgage on a Mack truck costing that amount and, along with it, a certificate of stockholders' consent certifying that the holders of not less than two thirds of the outstanding shares of stock of the corporation had consented to the mortgage. The mortgage was to secure not only the current $4,049 advance but also all other indebtedness owed by Casale to the bank. Thus, it was expressly recited that it was given upon condition that the mortgagor pay that item of $4,049 and " all other Indebtedness * * * whether heretofore, contemporaneously herewith or hereafter created ", and the mortgagor acknowledged that the truck " hereby mort-

gaged " was " collateral security for the note or notes of even date * * * and for any and all liabilities and obligations " of Casale to the bank " now in existence or hereafter incurred ". Secured by the chattel mortgages already referred to, the prior indebtedness totaled over $3,500,000.

The bank presented the mortgage and the consent certificate to the Register of the City of New York for filing; it tendered a fee of $1.25 for the mortgage and twenty-five cents for the certificate — plus an additional indexing fee of thirty cents for each document. The Register, however, demanded a filing fee of $45 — plus the thirty cent indexing fee, about which there is no dispute — for each. The petitioner, refusing to pay such fees, brought the present proceeding to compel the Register to file the papers for the smaller amounts tendered.

The court at Special Term agreed with the position taken by the Register, and the Appellate Division, two justices dissenting, affirmed.

As we read the statute, the " amount involved " in a chattel mortgage can only mean the amount of the indebtedness which the mortgage is given to secure. It cannot be the particular amount of money advanced at the time the mortgage is executed, if that is less than the entire debt, for, even when that smaller sum is paid, the mortgage remains in full force, the chattel continues burdened with its lien, until the entire debt is satisfied. As already indicated, both mortgage and consent certificate expressly recited that the Mack truck was to constitute security not only for the $4,049 loan but for the prior indebtedness of $3,500,000 as well. In thus spreading the lien of the mortgage to cover the entire debt, the bank has assured itself that, even after the $4,049 loan is paid, the mortgage will not be discharged, or the truck released from the lien, until it receives the full three and a half million dollars advanced. Since, then, the mortgagor's entire obligation is in fact the " amount involved ", the filing fee must be measured by the total debt secured. (See e.g., *People ex rel. Banner Land Co.* v. *State Tax Comm.*, 244 N. Y. 159, 163; *People ex rel. United States Tit. Guar. Co.* v. *State Tax Comm.*, 230 N. Y. 102, 104.)

While, in the case of mortgages upon real property, it is only the amount of the increased mortgage indebtedness that measures and fixes the tax to be paid when a " supplemental " or

" additional " mortgage is recorded (see *Matter of Park & 46th St. Corp.* v. *State Tax Comm.*, 295 N. Y. 173; *Matter of Defiance Paper Co.* [*Browne*], 294 N. Y. 684; *People ex rel. Metropolitan Playhouses* v. *Graves*, 275 N. Y. 621; *People ex rel. Banner Land Co.* v. *State Tax Comm.*, *supra*, 244 N. Y. 159, 163; see, also, *People ex rel. Williamsburgh Sav. Bank* v. *State Tax Comm.*, 245 N. Y. 414), that result is brought about by explicit legislative direction (Tax Law, §§ 253, 255). If a like result is to be achieved in the field of chattel mortgages, if a filing fee is to be paid only upon the new indebtedness incurred, it is the legislature that must so provide.

We turn, then, to the certificate of stockholders' consent. The fee is graduated — at the rate of $1.25 for each one hundred thousand dollars or fraction thereof — when the amount involved in " a chattel mortgage or other instrument affecting chattels " is $100,000 or more (Administrative Code, § 1052–13.0, subd. 14). The critical phrase is, of course, " or other instrument affecting chattels ", and subdivision 5, with its enumeration of specific documents for which a fee other than twenty-five cents is to be paid, points and limits the coverage of that clause. Since the papers listed embrace only those which either create, transfer or extinguish rights and interests in chattels, it follows, under familiar principles of construction, that the phrase, " other instrument " must likewise be deemed to refer to a document that alters or otherwise affects rights in chattels. (See *Matter of Wurlitzer Co.* v. *Byrne*, 286 N. Y. 569, affg. 261 App. Div. 896, affg. 175 Misc. 81, 83; cf. *Matter of Maxson Corp.* v. *Ralph*, 294 N. Y. 880.)

Consideration of section 16 of the Stock Corporation Law — pursuant to which the consent certificate was executed — quickly demonstrates that the certificate is not such an instrument. The certificate simply supplies evidence that a requisite number of stockholders have authorized the mortgage of a chattel. It is the fact of consent that is rendered operative and vital, not the formalities to be observed in establishing it. Phrased somewhat differently, it is the mortgage plus the stockholders' consent, not the certificate attesting to such consent, that creates rights, for the mortgage is properly executed and constitutes a valid lien even though no certificate is ever filed, as long as the essential consent was actually given. (See *Berlin*

v. *Sea Breeze Foundation,* 259 N. Y. 659; *Black* v. *Ellis,* 197 N. Y. 402, affg. 129 App. Div. 140; *Rochester Sav. Bank* v. *Averell,* 96 N. Y. 467, 476; see, also, *Matter of Victoria Fusilli Co.,* 79 F. 2d 611; see, also, Note, 51 Harv. L. Rev. 1074, 1080.) Since a certificate of consent does not, therefore, create, transfer or extinguish rights or interests in chattels, it is not an '' instrument affecting chattels '' within the purview of the provisions of the Administrative Code. It may accordingly be filed upon payment of a fee of twenty-five cents.

The orders should be modified by reversing so much thereof as denied petitioner's motion for an order directing the Register to file the certificate of stockholders' consent for the fee tendered, and, as so modified, affirmed, without costs.

The orders should be modified in accordance with the opinion herein, and, as so modified, affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Ordered accordingly.