### MURPHY et al. v. BANKERS COMMERCIAL CORP.

United States District Court
S. D. New York.
April 14, 1953.

·Archibald Palmer and Samuel Masia, New York City, McNutt & Nash, New York City, Sp. Admiralty Counsel, John F. Lang, Archibald Palmer and Samuel Masia, New York ·City, of counsel, for plaintiff.

Thacher, Proffitt, Prizer & Crawley and White & Case, New York City, William St. John Tozer, John C. Crawley, David Hartfield, Jr., New York ·City, Howard J. Aibel, Brooklyn, N. Y., of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiffs, Trustees in Bankruptcy, bring suit in nine causes of action against defendant (hereinafter referred to as "Bankers"), the mortgagee of ships of Honduran registry owned by the bankrupt. Defendant has moved to dismiss the first, second, third, fourth and eighth causes of action on the ground that they fail to state claims upon which relief can be granted, or in the alternative for summary judgment on said causes of action. The motions will be considered together.

### The First Cause of Action

The material allegations of the first cause of action may be summarized as follows:

On November 9, 1951, the bankrupt corporation executed and delivered a mortgage to Bankers on two vessels, the Carmen and Isabel; the mortgage was executed in New York City; on November 9, 1951, at the moment of the execution and delivery of the mortgage one of the vessels was in Argentina and the other in Pennsylvania; the mortgage states that the vessels were registered under the flag of Honduras and that the bankrupt is a New York corporation; the vessels never went to Honduras until October, 1952, nor was any copy of the mortgage recorded in New York. In November, 1952, a petition in bankruptcy was filed against the mortgagor and the mortgagor was adjudicated a bankrupt in December of 1952.

In essence, therefore, the first cause of action seeks to set aside the mortgage on the theory that it is a chattel mortgage which under the New York Lien Law, McK.Consol.Laws, c. 33, §§ 230, 232, should have been recorded in New York and that the failure to so record invalidated the mortgage. Defendant contends that the Honduras registry and the fact that the vessels were outside the State of New York at the time of the making of the mortgage renders New York law inapplicable. Cf. New York Trust Company v. Island Oil & Transport Co., 2 Cir., 1929, 33 F.2d 104, 79 A.L.R. 1007; In re Greene, D.C.Conn. 1904, 134 F. 137; In re Nuckols, D.C.E.D. Tenn.1912, 201 F. 437. Defendant further urges that the validity of a lien is determined by the law of the place creating the lien, that Honduras law therefore controls, and by the affidavit of one Otto Schoenrich, an alleged expert on Honduran law,[1] defendant seeks to demonstrate that the mortgage is valid under Honduran law.

Plaintiffs, however, emphasize the fact that the mortgagor and mortgagee are both New York corporations; that the mortgage was executed in New York and that more than 85% of the liabilities of the bankrupt (as appears from claims on file with the Referee in Bankruptcy and the records of Seeling & Jarvis, Inc., the shipping agents) are due to New York creditors upon debts apparently contracted in New York. The domicile of the owner and not the registry, plaintiffs contend, determines the nationality of a vessel. It has been so held in Gerradin v. United Fruit Co., D.C.E.D.N.Y.1931, 51 F.2d 417, affirmed 2 Cir., 60 F.2d 927, certiorari denied 287 U.S. 642, 53 S.Ct. 92, 77 L.Ed. 556, where the court concluded that the Jones Act, 46 U.S.C.A. § 688, governed the right of a seaman to recover for injuries sustained on the high seas aboard a vessel owned by an American corporation registered under the flag of Honduras. Plaintiffs contend that, as in the Gerradin case, the Court found the law of the domicile to be controlling in its desire to extend Jones Act protection to American seamen hired by American owners,[2] so here the law of the domicile should govern to accord to New York creditors the protection of the New York Lien Law.

---

1. While the application to dismiss this cause of action seems to be brought under Rule 12, F.R.C.P., 28 U.S.C.A., I shall consider it as one for summary judgment. This is appropriate in view of the affidavits of experts which have been submitted in connection therewith.

2. The Court below explicitly confined its holding to the matter of the *in personam* action before it and distinguished cases where rights *in rem* were asserted.

■ Plaintiffs further urge that if this Court should find that the law of the situs controls (assuming the situs to be Honduras) that it be allowed to amend the complaint, if necessary, to allege that the defendant did not comply with the law of the situs. Plaintiffs have submitted an affidavit of Mr. Uno, said to be an expert on Honduran law, in opposition to the affidavit of Mr. Schoenrich. Plaintiffs also seek to to place in issue Mr. Schoenrich's qualification as an expert on Honduran law because, as they say, it does not appear that he has been admitted to practice in Honduras. If this were a ground for disqualification, Mr. Uno, plaintiffs' expert, would be similarly unacceptable as an expert for it does not appear that he is a member of the Bar of Honduras. I do not believe, however, that this factor alone is sufficient to disqualify an expert. See Masocco v. Schaaf, App.Div. 3rd Dept.1931, 234 App. Div. 181, 254 N.Y.S. 439, and authorities cited therein.

■ Assuming that the amendment of the complaint would be allowed, this Court is therefore asked, on the papers before it, to decide whether New York or Honduras law applies and if the latter conclusion is reached, to determine whether there has been compliance with the laws of that jurisdiction. Counsel for plaintiffs and defendant appear to be in agreement on but one point—that this a question of considerable commercial importance upon which there is a surprising dearth of authority. Interpretation of foreign law is a question of fact and not one of law. Read v. Lehigh Valley R. Co., 1940, 284 N.Y. 435, 444, 31 N.E.2d 891, 895, and this is unaltered by the fact that the Court may judicially notice the law of foreign countries. Rule 9(f) of the Federal Rules of Civil Procedure and section 344–a, subd. A, par. 1, subd. B, of New York Civil Practice Act. It is the opinion of this Court that sufficient uncertainty has been created by the papers as to the validity of the mortgage under Honduran law to warrant denial of the motions if the law of

that jurisdiction were to apply. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464; Doehler Metal Furniture Co. v. U. S., 2 Cir., 1945, 149 F.2d 130, 135; Doyle v. Milton, D.C.S.D.N.Y.1947, 73 F.Supp. 281. It follows, therefore, that regardless of whether New York or Honduras law applies, the motions with respect to the first cause of action must be denied and the resolution of the issues should await a trial. Since the resolution of the sharply contested issue of which law applies [3] will not alter the result of the motions addressed to this cause of action, for if Honduras law applies, as defendant contends, there is an issue of fact concerning the validity of the mortgage under Honduran law which cannot be resolved by affidavits, it is more appropriate that all questions be left to the trial judge, who will have the benefit of hearing extended argument and observing expert witnesses. Complex questions such as are created here should not be disposed of by a motion under Federal Rule 12 to dismiss, "a most undesirable way for a defendant to seek a victory." Virgin Islands Corp. v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61, 65, or by summary judgment. See Palmer v. Chamberlin, 5 Cir., 1951, 191 F.2d 532; Stevens v. Howard D. Johnson Co., 4 Cir., 1950, 181 F.2d 390; Mosbacher v. Basler Lebens Versicherungs Gesellschaft, D.C.S.D.N.Y.1951, 111 F. Supp. 551. The motion to dismiss the first cause of action or in the alternative for summary judgment thereon is accordingly denied. Plaintiffs are granted leave to amend the complaint within 5 days after entry of the order hereon, to include an allegation of noncompliance with Honduran law.

### The Second Cause of Action

■ The second cause of action alleges that the mortgage did not contain a certificate acknowledged by two officers of the corporation; that the mortgage was made without the consent of two-thirds of the stockholders; that consent to the mortgage was not obtained by a vote at a meeting of stockholders called for that purpose;

---

3. Even if the New York Lien Law were construed to apply only to chattels with a situs in New York, the problem of determining the situs of these movables would still remain.

and neither the stockholders' consent nor a certificate of such consent was ever filed with the County Clerk of any county in New York State as required by New York Stock Corporation Law, section 16.

In support of its motion for summary judgment in that cause of action defendant submits the affidavit of Raymond J. Conlon annexed to which is the consent of all the stockholders. Defendant contends that the courts of New York and of the Court of Appeals for the Second Circuit have held that failure to conform to the statutory mode of giving and proving required consent does not render a mortgage invalid where actual consent of two-thirds of stockholders has been shown. In re Victoria Fusilli Co., 2 Cir., 1935, 79 F.2d 611; Manufacturers Trust Co. v. Ralph, 1950, 300 N.Y. 411, 416, 91 N.E.2d 865. Plaintiffs seek to distinguish these cases on the grounds that in the instant case neither the mortgage nor the consent were filed and so there was recordation of no aspect of the transaction. But an examination of New York authorities indicates that the rationale of these holdings is that "It is the fact of consent that is rendered operative and vital, not the formalities to be observed in establishing it." Manufacturers Trust Co. v. Ralph, supra, 300 N.Y. 417, 91 N.E.2d 867. Plaintiffs' attempt to make section 16 of the New York Stock Corporation Law serve as a recording statute must fail in the light of such reasoning. There being no dispute but that actual consent of all the stockholders was obtained, the motion for summary judgment on the second cause of action is granted.

### The Third Cause of Action

In plaintiffs' third cause of action they contend that one of the vessels, the Isabel[4] was purchased on November 9, 1951, and that at the time she was purchased and at the time of the execution and delivery of the mortgage she was enrolled as a vessel of the United States; that after the execution and delivery of the mortgage, the Isabel was changed to Honduran enrollment; that the mortgage is invalid because not filed at the Customs House as is required by the Ship Mortgage Act of 1920, 46 U.S.C.A. § 911 et seq.

Defendant urges two grounds for its motion for summary judgment here. First, reliance is placed on section 39 of Title 46 U.S.C.A., which provides that when a vessel which has been registered as a United States vessel is sold, the vessel ceases to be a United States registered vessel unless there was a new registration which did not occur here. The Ship Mortgage Act of 1920 by its terms applies only to ships of United States registry. The S/S Guatemala, D.C.E.D.N.Y.1946, 68 F.Supp. 894, modified sub. nom. Larsen v. New York Dock Co., 2 Cir., 1948, 166 F.2d 687.

But a more cogent reason for holding the Ship Mortgage Act inapplicable is the fact that the Isabel became enrolled as a Honduran vessel on the same date that the mortgage was made. The contention that the mortgage was invalid because it was delivered and recorded on the same day but prior to an enrollment was considered by Judge Knox in In re The Fort Orange, D.C.S.D.N.Y.1933, 5 F.Supp. 833. In rejecting this contention, on all fours with that of the plaintiffs as contained in this third cause of action, Judge Knox said, 5 F.Supp. at page 840:

> "Under the facts of this case, it is my belief that the events of May 5, 1926, should be treated as having taken place simultaneously. This is in accordance with the general rule that acts done during a day are presumed to have been done at the same time. See 62 C.J. 978. To hold otherwise would be an abject surrender to form and an unholy disregard of substance."

Although plaintiffs reassert their doubts as to the qualifications of defendant's expert, Otto Schoenrich whose affidavit supports defendant's claim of a valid Honduran enrollment, plaintiffs do not dispute the fact that such enrollment took place nor do I believe they seriously question the fact of the validity of the enrollment. The essential facts therefore are undisputed and since they disclose that the plaintiffs' third cause of action is without merit,

4. The Carmen was enrolled as a Honduran vessel on March 1, 1951.

defendant's motion for summary judgment with respect thereto is granted.

### The Fourth Cause of Action

Plaintiffs' fourth cause of action alleges that the mortgage note (as distinguished from the mortgage itself) was not executed by two officers of the bankrupt corporation as required by the by-laws. The note was executed in the name of the corporation by the president.

■ It is settled law that where there has been receipt of a valid consideration by the borrower and a signature of only one officer of a borrowing corporation is on the note (although the by-laws of the corporation provide for the signature of two officers) that the transaction is nevertheless valid. Spitzer v. Born, Inc., App. Div., 1st Dept.1921, 194 App.Div. 739, 185 N.Y.S. 875; Greene v. Reconstruction Finance Corp., 1 Cir., 1938, 100 F.2d 34, 36. An affidavit of Raymond J. Conlon is submitted by defendant to the effect that the defendant did not know of the by-law provision at the time of the making of the mortgage and the lending of the money. In opposition thereto plaintiffs submit the affidavit of John F. Lang which quotes testimony from a hearing before a Special Master in the bankruptcy proceeding to the effect that Mr. Keyes, an attorney for the defendant, examined the minute book of the corporation, to which was attached the corporation's by-laws, at the time of the making of the mortgage.

■ Whether or not agents of the defendant had direct or imputed knowledge of the by-laws of the corporation is a fact which should be established at the trial. It is a matter which in part may depend upon the credibility of the witnesses and this Court is mindful of the many admonitions of the Court of Appeals for this Circuit that such matters should not be decided on motions for summary judgment. Colby v. Klune, 2 Cir., 1949, 178 F.2d 872; Dyer v. MacDougall, 2 Cir., 1952, 201 F.2d 265, and certainly not on motions under Rule 12, F.R.C.P.

■ Defendant stresses that it is the note and not the mortgage which did not contain the signatures required by the by-laws and that this is a suit on the mortgage and not on the note which the mortgage secured. But plaintiffs allege that the mortgage is unenforceable because the note for which it was given as security is ultra vires and unenforceable. The fact that the mortgage complies with the by-laws is a factor which the trial judge may consider in determining whether there has been substantial compliance with the by-laws but this Court cannot say at this stage of the proceedings, that plaintiffs' claim is without any substantial basis. The motions addressed to the fourth cause of action are denied.

### The Eighth Cause of Action

■ Plaintiffs' eighth cause of action alleges that the mortgage has been paid off because the defendant received more than the amount of the mortgage under an assignment of earnings which defendant held as additional security to the mortgage of November 9. Defendant denies that the earnings were applicable to the note in question and relies on the holding of the Court of Appeals for this Circuit in American Cigarette & Cigar Co. v. Bowers, 2 Cir., 1937, 92 F.2d 596. The court there said, 92 F.2d at page 597:

"A creditor may indeed allocate all that he receives upon one note until it is extinguished, but nothing compels him to do so; in the absence of any agreement to the contrary he may apply payments as he pleases." (Emphasis supplied.)

But the difficulty with defendant's contention is that it is plaintiffs' claim that it was the intention of the parties that the monies received from the assignment of the freight collections be applied to the loans for which the assignment was given as collateral security. Whether such was the intent of the parties is again a question of fact, which should be resolved after hearing testimony as to the nature of the transaction and the understanding of the parties. The motions addressed to this cause of action are denied.

Settle order.