250

In the Matter of CITY TITLE INSURANCE COMPANY, Respondent, and DIME SAVINGS BANK OF BROOKLYN, Intervenor-Respondent, against LEWIS ORGEL, as City Register of the City of New York, Appellant.

Second Department, July 18, 1956.

*Peter Campbell Brown, Corporation Counsel* (*Samuel K. Handel, Seymour B. Quel, Harry E. O'Donnell* and *Benjamin Offner* of counsel), for appellant.

*Albert Hutton, Sr.,* for respondent and intervenor-respondent.

WENZEL, Acting P. J. The petition in this proceeding sought a determination that the correct amount of tax on a certain instrument which the petitioner-respondent had presented to appellant for recording was $13.50, under the provisions of article 11 of the Tax Law. Appellant had refused to record the instrument unless $30 was paid as mortgage tax. During the pendency of this proceeding, appellant changed his view as to the amount of the tax, increasing his computation to $35.

The instrument in question has reference to a mortgage on certain real property, which mortgage had been made and recorded in 1944 to secure a principal indebtedness of $7,000. One Sonya Menschik was the mortgagor and the intervenor-respondent was the mortgagee, and it is undisputed that the proper amount of tax on the mortgage was paid at the time of its recording, that is, on the tax base of the original amount of the principal indebtedness, $7,000.

By November 5, 1953 the principal debt had been reduced to $3,298.71, and on that day the intervenor advanced to the said mortgagor, upon her request, an additional $2,701.29, and they entered into the agreement set forth in the instrument in question. The instrument recites the fact that the mortgage had been reduced from the original amount of principal, $7,000, to $3,298.71; that the parties to the instrument desire to modify the mortgage and its underlying bond so as to include a provision for advances or readvances of the principal sum as thereafter set forth in the instrument; that "it is agreed between the parties hereto that in addition to the bond or obligation abovementioned, the aforesaid mortgage shall also secure any and all further loans or indebtedness owed or to be owed by the mortgagor to the mortgagee and it is stipulated that the maximum amount secured by the said mortgage at execution or which under any contingency may be secured thereby at any time in the future shall be the principal amount thereof. The obligation of the mortgagee to make further or future advances or re-advances shall be optional with the mortgagee, and such re-advances may be made under the provisions hereof to the present or to any future owner of the mortgaged premises"; and that the mortgagee, pursuant to the provisions of the bond and mortgage as amended, readvances $2,701.29, bringing the amount of principal unpaid up to $6,000.

Section 251 of the Tax Law expressly states that the refusal to record an instrument, and the application of article 11 of the Tax Law to such refusal, " shall be subject to review in the first instance by the tax commission. * * * The determination of the tax commission shall be subject to review by certiorari ". The Civil Practice Act (§ 1285, subd. 4) expressly states that a proceeding under article 78 thereof is not available to review a determination where it " can be adequately reviewed by an appeal * * * to some other body or officer." This provision of the Civil Practice Act was the general rule in mandamus proceedings (see *Matter of Towers Management Corp.* v. *Thatcher,* 271 N. Y. 94; *Matter of Cherry* v. *Brumbaugh,* 255 App. Div. 880; *Matter of Greene* v. *Dorman,* 229 App. Div. 743; *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh,* 203 App. Div. 468; *People ex rel. Walsh* v. *Kleinert,* 200 App. Div. 836).

*Kovarsky* v. *Brooklyn Union Gas Co.* (279 N. Y. 304) is distinguishable. It was a plenary action for an injunction and other relief, not a mandamus proceeding. Reference to the general rule was there made, with tacit approval, that is, " where other remedies are adequate, mandamus will be denied " (p. 311), and the court went on to demonstrate, even though the action was plenary (and therefore not a mandamus proceeding), that the plaintiff's remedy in the particular situation there presented was not adequate (pp. 313–314). It does not appear that the review procedure provided for in section 251 of the Tax Law is inadequate.

Although there are exceptions to the general rule above mentioned, they are cases " such as where a statute is unconstitutional, or where there is no statute at all, or where the statute by its own terms does not apply in a given case." (*Matter of 109 Beach 29th St. Corp.* v. *Archer,* 188 Misc. 769, 771.) The instant matter is not one of such cases. On the contrary, it has been held in cases where the challenge was with respect to action taken by taxing authorities under applicable statutes that the challenged action " may be reviewed only in the manner provided in the statute." (*Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234, 239; see, also, *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198, 206.)

Accordingly, we are required to relegate the parties to the remedy indicated above.

If the court had present jurisdiction to determine the controversy on its merits, we would be inclined to the view that the correct tax base would be the difference between the amount

that had been unpaid on the original amount of the principal indebtedness when the readvance transaction was had, namely, $3,298.71, and the maximum amount for which the mortgage could stand as security by virtue of the readvance instrument, that is, $7,000; in other words, $3,701.29. This is different from the views urged by both sides to this controversy, it being the contention of the petitioner-respondent and the intervenor-respondent that the base should be only the amount that was advanced contemporaneously with the making of the said instrument, that is, $2,701.29, and the contention of appellant that the base should be the entire maximum for which the mortgage, as amended, could stand as security, that is, $7,000, regardless of the fact that tax had been paid on the full original amount of the principal indebtedness, including the unpaid balance of $3,298.71 thereof, at the time of recording of the mortgage in 1944.

Sections 250, 253, 255 and 256 of the Tax Law purport to prescribe what shall be the tax base on various given types of mortgage instruments. However, no one of them by its provisions is clearly and independently controlling in this case. Apparently the Legislature has not enacted a provision which in itself is specially designed to control in the case of an instrument and transaction such as the one in question.

As a matter of fact, the draftsman of this instrument apparently used language which is found variously in one or more of all these four sections and then added some of his own. However, it seems to be clear that what was intended was to amend the mortgage so as to increase the amount of the secured indebtedness by $2,701.29 and to render the mortgage an open-end mortgage, under which all loans by the mortgagee to the mortgagor or subsequent owner of the mortgaged premises, both those outstanding and those which might be made, but limited to the total amount which had been the original principal indebtedness, would be secured by the mortgage.

In interpreting these Tax Law provisions and determining their application to the instrument and transaction at hand, we are mindful of the principle that " [d]ouble taxation is one which the court should avoid whenever it is possible within reason to do so. * * * The law of taxation is to be construed strictly against the state in favor of the taxpayer " (*Matter of Cooley,* 186 N. Y. 220, 227). In *Matter of Park & 46th St. Corp.* v. *State Tax Comm.* (295 N. Y. 173, 177), a case which likewise involved the question of the correct amount of mortgage tax on the recording of an agreement modifying a

mortgage upon which there was an unpaid balance owing, it was stated: "Both statutory enactment and judicial decisions support the mortgagor's resistance to a recording tax which, insofar as it is based upon a mortgage debt of * * *, was paid when the original mortgage was recorded." The unpaid balance of principal on the mortgage debt was $1,075,000, and the modification agreement extended the maturity date, changed the rate of interest, and provided for an additional loan of $125,000 which was to be covered by the mortgage. The holding was that the tax should be limited to the amount of the new loan. (See, also, the dictum in *Matter of Manufacturers Trust Co.* v. *Ralph,* 300 N. Y. 411, 415–416, and cases there cited.)

Sections 250 and 255 of the Tax Law themselves indicate a legislative intent that the unpaid balance of the original mortgage, having previously been taxed, be not taxed again, that is, in the words of section 250, the tax shall be " upon the amount of such increase or addition ", and, in the words of section 255, that it be " on such new or further indebtedness or obligation ".

The correct solution may be reached by reading together the pertinent provisions of sections 250, 253, 255 and 256, that is, the provisions of sections 250 and 255 that only the amount by which an indebtedness is increased should be taxed, and the provisions of sections 253 and 256 that the tax base shall be an amount up to the maximum for which the mortgage might become security. So read, the sections would require a tax on the difference between the amount of the unpaid balance of the original indebtedness, $3,298.71, and the stated possible maximum amount, $7,000, which comes to the sum of $3,701.29.

Applying the rate provided by section 253 (" fifty cents for each one hundred dollars ") on $3,701.29, the tax would be $18.50, so that, with the $6 recording fee, the corrrect amount which the appellant would be entitled to require for recording the instrument in question would be $24.50.

The order entered March 19, 1955 should be modified by striking therefrom the second and third ordering paragraphs, and by substituting in lieu thereof the following: " Ordered, that on such re-hearing and after full consideration of all the papers before the court, and due deliberation thereon, respondent's motion to dismiss the petition herein is granted, and it is further ". As so modified, the order, insofar as appealed from, should be affirmed, with $10 costs and disbursements to appellant.

The appeal from the order entered June 9, 1954 should be dismissed, without costs, since that order was superseded by the order entered March 19, 1955.

. The order entered April 9, 1954 should be affirmed, without costs. No reason for interference with this order has been presented.

Present — WENZEL, Acting P. J., BELDOCK, UGHETTA, HALLI-NAN and KLEINFELD, JJ.

Order entered March 19, 1955 modified by striking therefrom the second and third ordering paragraphs, and by substituting in lieu thereof the following: " Ordered, that on such re-hearing and after full consideration of all the papers before the court, and due deliberation thereon, respondent's motion to dismiss the petition herein is granted, and it is further ". As so modified, order, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements to appellant.

Appeal from order entered June 9, 1954 dismissed, without costs.

Order entered April 9, 1954 unanimously affirmed, without costs.