■ PHILIP HIRSCH, Appellant, v. BUONO TIRE Co., INC., et al., Respondents, et al., Defendant.— In an action to foreclose a mortgage on real property and for other relief, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated February 10, 1967, which dismissed the complaint and granted affirmative relief to defendants Buono Tire Co., Inc. and Anthony Buono. Judgment reversed, on the law and the facts, with one bill of costs jointly against respondents who filed separate briefs, and case remitted to the Supreme

Court, Westchester County, for the entry of judgment in accordance herewith. Findings of fact inconsistent herewith are reversed and new findings will be made as indicated herein. Settle order on five days' notice. The principal question presented is whether a loan to respondent Buono Tire Co., Inc., with interest at the rate of 18% per annum, was void as usurious, on the ground that the loan was in fact made to the individual respondents Anthony Buono and Eva Jane Buono. The proof establishes that Anthony applied to plaintiff for a loan of $50,000; that plaintiff would make the loan only to a corporation; that the respondent corporation was then formed and $50,000 was advanced to it by plaintiff and deposited in the corporate bank account; and that the proceeds were used for the benefit of the individual respondents. To secure the loan, the corporation executed the mortgage note and the mortgage on the two parcels of real estate which had been conveyed to it by the individual respondents and the chattel mortgage on the personalty which in form also had been transferred to the corporation by the individual respondents. The individual respondents also executed a collateral bond, allegedly as security for the loan. We find that the loan was in fact made to the corporation and that the defense of usury, therefore, is not available to respondents (*Leader* v. *Dinkler Management Corp.*, 20 N Y 2d 393; *Jenkins* v. *Moyse,* 254 N. Y. 319; *Werger* v. *Haines Corp.,* 277 App. Div. 1108, affd. 302 N Y. 930; *Union Estates Co* v. *Adlon Constr. Co.,* 221 N. Y. 183). We find no proof whatever that plaintiff conspired to defraud the individual respondents or that the various documents which were executed were the result of fraud or duress on his part. We also find that those instruments were executed by the respondents with knowledge of their contents and that the individual respondents, as sole stockholders of the respondent corporation, consented to the execution of the mortgages. It is our opinion, therefore, that the mortgage on the real property was a valid lien thereon, despite the fact that no certificates of stock had been issued and there had been no formal certificate of consent by the stockholders to the execution of the mortgage (cf. *United States Radiator Corp.* v. *State of New York,* 208 N. Y. 144, 149; *Matter of Manufacturers Trust Co.* v. *Ralph,* 300 N. Y. 411, 416). Since it is undisputed that there has been a default in payment, plaintiff is entitled to judgment of foreclosure and sale, as demanded in the first cause of action. However, we are of the opinion that the remaining causes of action were properly dismissed. We find that the chattels described in the chattel mortgage sought to be foreclosed in the second cause of action were the property of a partnership composed of respondent Anthony Buono and one Ralph Bellizzi; that the corporate respondent did not acquire title thereto; and that the chattel mortgage executed by it was therefore invalid. The collateral bond executed by the individual respondents, upon which recovery is sought in the third cause of action, does not guarantee payment of the mortgage made by the corporate respondent, but guarantees payment " of a mortgage made by the obligees to Buono Tire Co., Inc.". Since plaintiff failed to prove the collateral bond alleged in the complaint, he may not recover on that cause of action at law (cf. *Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225). Finally, we find no proof of the guarantee alleged in the fourth cause of action. Since the proof failed to establish the facts alleged in the counterclaims, the counterclaims should also be dismissed. Christ, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment, on the opinion of the trial court. [54 Misc 2d 789.]